413 So.2d 684 (1982)
Delbert TOTTY, Plaintiff-Appellant,
v.
DRAVO CORPORATION, et al., Defendants-Appellees.
No. 8722.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
Edwins & Royer, Inc., Layne Royer, Baton Rouge, and Young & Burson, H. Kent Aguillard, Eunice, for plaintiff-appellant.
Landry, Watkins & Bonin, Anne G. Stevens, New Iberia, for defendants-appellees.
Before DOMENGEAUX, FORET and LABORDE, JJ.
LABORDE, Judge.
In this suit for workmen's compensation benefits, the trial court sustained defendants' exception of prescription and dismissed plaintiff's suit. Plaintiff appeals. We reverse.
The determinative issue on appeal is whether the filing of a compensation claim with the Illinois Industrial Commission, as *685 required by Illinois law, interrupts the running of prescription in Louisiana. We hold that it does.
Delbert Totty filed suit seeking benefits as a result of a work-related back injury. The defendants are Totty's employer, Dravo Corporation and Dravo's compensation carrier, Liberty Mutual Insurance Company.
On January 20, 1979, plaintiff injured his back in an accident while working for Dravo at the Weeks Island Salt Dome in Weeks Island, Louisiana. Subsequent to the accident, plaintiff returned to his home state of Illinois where on March 19, 1979, he filed a claim with the Industrial Commission for the State of Illinois. Under that state's law, claims for workmen's compensation must first be filed with the Commission. Both Dravo and Liberty Mutual were notified of the filing of the claim with the Commission and appeared before it.
On March 11, 1981, approximately two years and two months post-accident, the present suit for compensation benefits was filed in Louisiana in Iberia Parish District Court. The trial court sustained defendants' exception of prescription based on LSA-R.S. 23:1209[1] and LSA-R.S. 9:5801.[2]
Plaintiff's injury manifested itself on the date of the accident, January 20, 1979, therefore, suit for compensation benefits and medical expenses had to be filed within one year from January 20, 1979. Allen v. Milk Haulers, Inc., 278 So.2d 871 (La.App. 1st Cir. 1973); LSA-R.S. 23:1209, supra. Plaintiff filed the present suit on March 11, 1981. Thus, unless prescription has been suspended or interrupted the claim is prescribed.
Plaintiff argues that the filing of his compensation claim with the Illinois Industrial Commission on March 19, 1979, along with notice of the filing mailed or served shortly thereafter, both within one year from the date of the injury, interrupted the running of prescription. LSA-R.S. 23:1209; LSA-R.S. 9:5801.[3]
Defendants argue that the filing of the claim with the Industrial Commission and notice of that filing are insufficient to interrupt prescription under LSA-R.S. 9:5801 because the claim was not a civil action and the Industrial Commission was not a court. In support of its argument, defendants quote from Ferguson v. Industrial Commission, 74 N.E.2d 539, 397 Ill. 348 (1947), wherein the Supreme Court of Illinois, in discussing the Industrial Commission, stated:
"... A claim for compensation, filed before the commission, is not an action at law, in chancery, or in a judicial proceeding. The commission, a creature of the statute, is not a court. It is an administrative body charged with the duty of administering the act under which it was created...."
*686 Even though Illinois chooses to regard its Industrial Commission as an administrative body and not as a court, under the facts presented in the instant case and the purposes behind our prescription laws, we feel compelled to treat the claim as an action and the Commission as a court for purposes of determining whether prescription has been interrupted.
We begin by noting that the Illinois Workmen's Compensation Act clothes the Industrial Commission with duties and functions similar to our District Courts here in Louisiana. For example the Commission has the power to administer oaths, subpoena and examine witnesses, issue subpoenas duces tecum, etc. It can also compel obedience of its orders by its power to hold the parties in contempt. The Commission also has the power to fix fees, including attorney's fees, and to assess costs, much like our courts are empowered to do. The duties of the Commission include its responsibility, when hearing the claims before it, to determine disputed facts, judge credibility of witnesses, and resolve conflicting testimony. These determinations may not be disturbed on review unless found to be against the manifest weight of the evidence, much like our system here in Louisiana. These are just a few of the functions of the Commission which we feel warrant our treating it as a court for purposes of LSA-R.S. 9:5801.
Further, our review of the entire record in the present case convinces us that the reasons for our Workmen's Compensation statute requiring a claimant to file suit on his claim within one year are met here. Those reasons were explained in Harris v. Traders & General Ins. Co., 200 La. 445, 8 So.2d 289 (1942), as follows:
"* * * The purpose of the requirement that a suit be brought by the claimant within one year after the accident under the penalty of barring his recovery is of a three fold nature; (1) to enable the employer to determine when his potential liability for an accident would cease; (2) as a matter of public policy to prevent suits based on stale claims where the evidence might be destroyed or difficult to produce; (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of his claim on the part of an employee where he fails to bring his suit within the fixed period."
In the present case, these purposes were served by plaintiff's filing within one year his compensation claim with the Commission accompanied by notice of its filing received by defendants also within the one year period. Thus, defendants were apprised within the one year period that plaintiff was pursuing his claim and could plan and act accordingly.
Other facts revealed by the record convince us that the trial court erred in sustaining defendants' plea of prescription. For one, defendants, upon receiving notice of the claim, appeared before the Illinois Industrial Commission and argued its side of the claim. Also, counsel for defendants admitted at oral arguments that plaintiff's claim before the Industrial Commission is subject to dismissal due to lack of jurisdiction and improper venue in Illinois. Should we find plaintiff's claim prescribed in Louisiana, plaintiff, who did everything he reasonably could do to keep his claim alive, would be deprived of his day in court. Finally, our Workmen's Compensation Act is to be liberally construed in favor of the claimant.
For all of these reasons, we hold that the filing of the workmen's compensation claim with the Illinois Industrial Commission, along with notice thereof received by defendants, all within Louisiana's one year prescriptive period, interrupted the running of prescription such that the present suit filed on March 11, 1981, was timely.
Accordingly, the judgment of the district court is reversed and set aside. It is now ordered that the plea of prescription herein filed by defendants is overruled and the case is remanded to the district court for further proceedings consistent with the views herein expressed. Defendants are to pay the costs to date, all other costs to await the final disposition of the case.
REVERSED AND REMANDED.
*687
 APPENDIX A
 NOTICE TO EMPLOYER  IMPORTANT
 THIS IS A LEGAL DOCUMENT WHICH MUST BE
 FORWARDED IMMEDIATELY TO YOUR INSURANCE
 CARRIER OR ATTORNEY. FAILURE TO RESPOND MAY
 RESULT IN A JUDGMENT BEING ENTERED AGAINST YOU.
 NOTICE OF FILING OF CLAIM
MAIL TO * * * CORRECTED NOTICE * * * NOTICE DATE
 --
 | DRAVO CORP 11/27/79
 | P O BOX 402 DATE OF ACCIDENT
 | LYDIA LA 70569 01/20/79
 | CASE NUMBER
 --
PETITIONER - TOTTY, DELBERT 79 WC 13600
 vs
RESPONDENT - DRAVO CORP
 NOTICE IS HEREBY GIVEN THAT AN APPLICATION OF CLAIM IN THE ABOVE
 CAPTIONED MATTER WAS FILED WITH THE ILLINOIS INDUSTRIAL COMMISSION ON
 A COPY OF WHICH IS ENCLOSED.
 03/19/79,
 FURTHER TAKE NOTICE THAT THE ABOVE ENTITLED CAUSE IS SCHEDULED FOR
 HEARING BEFORE THE ILLINOIS INDUSTRIAL COMMISSION AS STATED BELOW. AT
 WHICH TIME ALL PARTIES OR THEIR COUNSEL MUST APPEAR. ALL PERTINENT
 DOCUMENTS, RECORDS, OR OTHER INFORMATION MUST BE AVAILABLE TO
 COUNSEL, IF YOU HAVE ONE, PRIOR TO THE HEARING DATE. FAILURE TO APPEAR
 WILL NOT PREVENT COMMISSION ACTION AND MAY RESULT IN AN EX PARTE
 HEARING ON THE MERITS OF PETITIONER'S CLAIM.
 COUNTY BLDG 5TH FL
 LOCATION - BELLEVILLE ILLINOIS
 JANUARY 09, 1980 09:00 AM
 ATTORNEY'S AFFIDAVIT RULE 2-(3). FILE ONE COPY WITH COMMISSION AT ONCE.
 ....... DO NOT DETACH ....... DO NOT DETACH ....... DO NOT DETACH .......
 I HEREBY CERTIFY THAT I HAVE NOT DIRECTLY OR INDIRECTLY SOLICITED
 EMPLOYMENT BY THE ABOVE NAMED PARTY, AND KNOW OF NO SOLICITATION OF
 SAID PARTY BY ANY PERSON THAT HAS RESULTED IN THE EMPLOYMENT OF
 MYSELF OR ANY MEMBER OF MY FIRM.
 ATTORNEY .............................. .............................
 (PLEASE PRINT NAME) (SIGNATURE)
 FIRM ..................................... TELEPHONE ...............
 ADDRESS...................................................................
 THE ABOVE SIGNED ENTERS HIS/HER APPEARANCE ON BEHALF OF THE
 RESPONDENT. SERVED TO:
NOTES
[1] LSA-R.S. 23:1209, in full, provides:

"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
[2] LSA-R.S. 9:5801, in full provides:

"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."
[3] A copy of the Notice of Filing of Claim received by defendants is attached as Appendix A.