546 So.2d 956 (1989)
Michael D. CALLAHAN, Plaintiff-Appellee,
v.
LOUISIANA OFFSHORE CATERERS, INC., Defendant-Appellant.
No. 88-520.
Court of Appeal of Louisiana, Third Circuit.
July 5, 1989.
Knoll, Roy & Spruill, Eddie Knoll, Marksville, for plaintiff-appellee.
Larry C. McCullough, Baton Rouge, for defendant-appellant.
Before STOKER, LABORDE and YELVERTON, JJ.
STOKER, Judge.
This is a worker's compensation case. Plaintiff, Michael David Callahan, filed suit against Louisiana Offshore Caterers, Inc.[1] *957 to recover compensation benefits for a back injury which he allegedly sustained in the course and scope of his employment. Plaintiff alleged that he was injured on July 7, 1981, while employed by Louisiana Offshore Caterers, Inc. as a "galley hand," and that he received compensation benefits from the end of July through September 20, 1981. (The evidence established that plaintiff was paid through September 30, 1981.) Defendant filed an exception of prescription to plaintiff's action asserting that more than one year had elapsed from the date the accident occurred. The trial court overruled the exception finding that absent any agreement between the parties that the compensation payments were for total disability, it would be presumed that they were made for partial disability and the corresponding prescriptive period was three years from date of last payment.
Before the trial on the merits, the defendant reurged its exception of prescription to be referred to the trial on the merits. After trial on the merits, the trial court overruled defendant's exception and rendered judgment in favor of plaintiff and against Louisiana Offshore Caterers, Inc. decreeing plaintiff to be permanently partially disabled and awarding him past due compensation, future compensation, past medical expenses and attorney's fees. Defendant has appealed the judgment of the trial court. On appeal, defendant asserts several errors committed by the trial court including the trial court's ruling on the question of prescription. Because we find that the trial court erred in failing to grant defendant's exception of prescription, any further discussion of the issues raised by defendant is unnecessary. Plaintiff's employer, Louisiana Offshore Caterers, Inc., is the only appellant here. Apparently appellant's compensation carrier has gone into bankruptcy.

PRESCRIPTION
This case arises under the worker's compensation law prior to its 1983 amendment or the "old" law. LSA-R.S. 23:1209 provides that all claims for compensation shall be forever barred unless within one year after the accident or death the parties have agreed upon payment to be made under LSA-R.S. 23:1021, et seq., or unless within one year after the accident proceedings have been begun as provided in Parts 3 and 4 of the worker's compensation law. In the event that such payments have been made, the period of prescription shall be one year from a time of making the last payment, except that in cases of benefits paid for partial disability the prescriptive period shall be three years from the time of making the last payment.
Plaintiff's petition sets forth the date of his accident as July 7, 1981 and the date of last payment of benefits as September 20, 1981. Suit was filed September 26, 1983. On the face of plaintiff's petition his action has prescribed. Plaintiff bears the burden of showing an interruption or suspension of prescription. Comardelle v. Jeandron Chevrolet, Inc., 449 So.2d 601 (La.App. 1st Cir.), writ denied, 456 So.2d 1015 (La.1984). Plaintiff's petition contains no allegation that compensation benefits were paid for partial disability, nor was any evidence adduced at the first hearing on the exception concerning the basis upon which compensation was paid. Accordingly, the trial court applied the jurisprudential presumption that benefits were paid for partial disability in the absence of any agreement that they were paid for total disability. Youngblood v. Belden Concrete Products, 349 So.2d 439 (La.App. 4th Cir.), writ denied, 351 So.2d 177 (La.1977) and Miller v. Belden Corporation, 386 So.2d 974 (La.App. 3d Cir.), writ denied, 389 So.2d 1126 (La.1980).
Subsequent to the hearing on the exception, Louisiana Offshore Caterers, Inc. discovered that plaintiff had never been paid benefits under the Louisiana Worker's Compensation Law. The compensation insurer paid benefits for 12 weeks pursuant to the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C.A. § 901, et seq. At the trial on the merits, defendant introduced into evidence a copy of a "Notice of Final Payment or Suspension of Compensation Payment" directed to plaintiff by the U.S. Department of Labor. *958 The notice shows that benefits were paid to plaintiff pursuant to the LHWCA at the rate of $114.06 per week for 12 weeks from July 10, 1981 through September 30, 1981 on the basis of temporary total disability. Plaintiff testified that benefits were terminated at that time because his treating physician released him to return to work.
Defendant argues that LSA-R.S. 23:1209 requires that the payments, which serve to interrupt prescription, must be made pursuant to state worker's compensation law. Therefore, since no payments were made pursuant to LSA-R.S. 23:1021, et seq., prescription began to run as of the date of the accident and the plaintiff's claim has prescribed. Plaintiff does not address this particular argument except to the extent that he relies on the first ruling of the trial court applying the three-year prescriptive period.
We reverse the trial court's judgment overruling the defendant's exception of prescription for the following reasons. As stated earlier, LSA-R.S. 23:1209 bars claims for compensation unless within one year after the accident or death the parties have agreed upon payment to be made under LSA-R.S. 23:1021, et seq. Plaintiff was not paid benefits pursuant to state worker's compensation law, rather he was paid pursuant to the LHWCA. While these payments did serve to suspend the running of prescription under LSA-R.S. 23:1225 D,[2] the suspension would have terminated upon the last payment of benefits. LSA-C.C. art. 3472. We find and so hold that payments made pursuant to the LHWCA are not payments under 23:1021, et seq. within the contemplation of 23:1209. Even were we to find that they would qualify as such, the evidence of payments made to the plaintiff shows that the benefits were paid for temporary total disability, not partial disability as argued by plaintiff. Based upon suspension of prescription principles and 23:1225 D, plaintiff would have had, at most, one year from September 30, 1981 within which to file a claim for state worker's compensation benefits, LSA-R.S. 23:1209.
For these reasons, we reverse the judgment of the trial court and dismiss plaintiff's suit at his cost. Costs of this appeal are assessed to plaintiff-appellee.
REVERSED.
NOTES
[1] Various other parties were made defendants, but those claims were disposed of before trial on the merits and are not before us on appeal.
[2] LSA-R.S. 23:1225 D provides:

D. The filing of a claim or suit or the receipt or acceptance of compensation or medical benefits by an employee or employee's representative pursuant to benefits provided under any federally enacted worker's compensation law shall not preclude such employee's or representative's entitlement to any benefit under this Chapter for the same injury or occupational disease. Notwithstanding the filing of such claims, payments of benefits under the Chapter is irreconcilable with worker's compensation benefits provided pursuant to any federally enacted worker's compensation law. No compensation or medical benefits, of whatever nature, shall be payable under this Chapter if the employee or employee's representative receives favorable final adjudication, judgment, or settlement of any claim pursuant to any federally enacted worker's compensation law, regardless of the adequacy thereof. The filing of a claim or suit pursuant to any federally enacted worker's compensation plan shall suspend the prescription periods established by R.S. 23:1209. (Emphasis added.)