CARTER, Judge.
This is an appeal from a trial court judgment granting a peremptory exception pleading the objection of prescription.
FACTS
At all times pertinent hereto, plaintiff, Robert Karl Lentz, was employed as a driver with North American Van Lines, Inc. (North American). On November 6, 1986, while in the course and scope of his employment with North American, plaintiff was injured in a motor vehicle accident in Baton Rouge, Louisiana. Although plaintiffs injuries did not manifest themselves immediately, on or about May 1, 1987, plaintiff suffered back injuries for which he collected compensation benefits under Indiana law. In October 1988, plaintiff entered into a settlement with his compensation carrier in Indiana. Thereafter, all weekly benefits were terminated.
On March 20, 1989, plaintiff filed a claim for benefits under LSA-R.S. 23:1221 with the Louisiana Office of Worker’s Compensation, which recommended that plaintiff receive temporary total disability benefits from May 4,1987, through August 15, 1988 (the date of his release to return to work). Compensation was calculated at $261.00 per week and was subject to a credit for any benefits paid under Indiana’s state worker’s compensation law. The Office also recommended that plaintiff may be entitled to supplemental earnings benefits, if he was unable to earn 90% of his pre-in-jury earnings because of his injury and resulting disability.
On July 5,1989, plaintiff filed the instant suit against North American for worker’s compensation benefits. Thereafter, North American filed declinatory and peremptory exceptions pleading the objections of no subject matter jurisdiction and res judicata, both of which were overruled by the trial court.[2] On January 2, 1990, North American filed a peremptory exception pleading the objection of prescription. After a hearing, the trial court granted North American’s exception and dismissed plaintiff’s suit. From this adverse judgment, plaintiff appeals contending that the trial court erred in concluding that the claims made pursuant to Indiana’s state worker’s compensation statute did not interrupt prescription for purposes of the Louisiana worker’s compensation claims.
PRESCRIPTION
LSA-R.S. 23:1209 A provides as follows:
In case of personal injury, including death resulting therefrom, all claims for, payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident, (footnote omitted).
In the instant case, the accident occurred on November 6, 1986, but plaintiff’s injuries did not manifest themselves until May 1, 1987. Therefore, plaintiff had until May *986 1, 1988, to file his claim for worker’s compensation benefits in Louisiana, unless he received payment for worker’s compensation benefits. Because plaintiff did not file a claim for benefits in Louisiana until March 20, 1989, plaintiff’s claim was untimely unless he received worker’s compensation benefits.
It is undisputed that plaintiff has not received benefits under the Louisiana worker’s compensation law. However, plaintiff did receive worker’s compensation benefits under Indiana law from May 1, 1987, through October 1, 1988. Therefore, if the payments under Indiana law are payments within the contemplation of LSA-R.S. 23:1209, plaintiff had one year from the date of the last payment under Indiana law to file a claim for benefits in this state, which would have expired on October 1, 1989. As a result, plaintiff’s claim, which was filed on March 20, 1989, would have been timely filed.
LSA-R.S. 23:1035.1(2) provides, in pertinent part, as follows:
The payment or award of benefits under the worker’s compensation law of another state ... to an employee or his dependents otherwise entitled on account of such injury or death to the benefits of this Chapter shall not be a bar to a claim for benefits under this act; provided that claim under this act is filed within the time limits set forth in R.S. 23:1209.
In the instant case, we find that payments to plaintiff under the state compensation laws of Indiana are payments within the contemplation of LSA-R.S. 23:1209 such that plaintiff had one year from the date of the last payment within which to file his claim for Louisiana worker’s compensation benefits. Because plaintiff filed his claim within that one year period, his action had not prescribed, and the trial judge erred in sustaining North American’s peremptory exception pleading the objection of prescription and dismissing plaintiff’s suit.
In determining that plaintiff’s action had prescribed, the trial judge relied on Callahan v. Louisiana Offshore Caterers, 546 So.2d 956 (La.App. 3rd Cir.1989). The trial judge reasoned that Callahan supports the conclusion that payments under Indiana law are not payments within the contemplation of LSA-R.S. 23:1209.
In Callahan, the plaintiff was injured on July 7, 1981, and he received payments pursuant to the Longshore and Harbor Workers’ Compensation Act (LHWCA) until September 30, 1981. The court determined that plaintiff's suit, which was not filed until September 26, 1983, had prescribed for two reasons. First, the court determined that the LHWCA benefits plaintiff received were not paid pursuant to state compensation law and, as such, were not made within the contemplation of LSA-R.S. 23:1209. Second, and more importantly, the court noted that, even if it were to qualify LHWCA payments as payments for the purposes of LSA-R.S. 23:1209, plaintiff had one year from, the date of receipt of the last payment to file suit, which would have expired on September 30, 1982. As such, plaintiff’s suit, which was not filed until September 26, 1983, was untimely.
We find that Callahan is distinguishable from the instant case. First, plaintiff herein collected state compensation benefits rather than federal compensation benefits, and second, plaintiff timely filed his claim for Louisiana benefits within one year from the date of the last payment of benefits under another state’s compensation law.
We believe that the better view is set forth in Totty v. Dravo Corporation, 413 So.2d 684 (La.App. 3rd Cir.1982), wherein our brethren of the Third Circuit determined that the filing of a claim for worker’s compensation benefits in Illinois with the notice of the filing being mailed or served within a year of the date of the injury interrupted the running of prescription on a Louisiana worker’s compensation claim. In Totty, plaintiff was injured on January 20, 1979, in Weeks Island, Louisiana. Thereafter, plaintiff returned to his home state of Illinois, where on March 19, 1979, he filed a worker’s compensation claim with the Illinois Industrial Commis *987 sion.[3] Both his employer and the worker’s compensation insurer were notified of the claim and appeared before the Commission. Thereafter, on March 11, 1981 (two years and two months post-accident), plaintiff filed a suit for worker’s compensation benefits in a Louisiana district court. The court determined that since plaintiff’s accident and injury occurred on January 20, 1979, and his suit for benefits was not filed until March 11, 1981, plaintiff’s claim for benefits would be prescribed unless the filing of the claim in Illinois served to interrupt the tolling of prescription. The court determined that the claim before the Illinois Commission, which functioned as a court, constituted a civil action within the meaning of LSA-R.S. 9:5801 so as to interrupt prescription of the Louisiana action for worker’s compensation benefits.
Therefore, we find that plaintiff’s instant claim for worker’s compensation benefits was timely filed, thus permitting plaintiff to establish his entitlement to Louisiana benefits despite his having already collected some benefits under the laws of Indiana. However, LSA-R.S. 23:1035.1 provides that in the event the employee recovers Louisiana worker’s compensation benefits, the employer is entitled to a credit for any benefits paid pursuant to the other state’s law which the employee would have been entitled to receive if the claim had been made under this state’s law only.
CONCLUSION
For the above reasons, the judgment of the trial court granting North American’s peremptory exception pleading the objection of prescription is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. North American is cast for all costs.
REVERSED AND REMANDED.

. North American then applied for supervisory writs with this court, which were denied on November 27, 1989.

. Under the state law in Illinois, claims for worker's compensation benefits must first be filed with the Commission. Totty v. Dravo Corporation, 413 So.2d at 685.