851 So.2d 917 (2003)
Kenneth HAYNES
v.
WILLIAMS FENCE AND ALUMINUM.
Nos. 2002-C-0442, 2002-C-0478.
Supreme Court of Louisiana.
April 21, 2003.
Bradley J. Gabel, Percy, Smith, Foote & Gabel, Alexandria, Counsel for Applicant in No. 2002-C-442 and Respondent in No. 2002-C-478.
George A. Flournoy, Flournoy, Doggett & Losavio, Alexandria, Counsel for Respondent in No. 2002-C-442 and Applicant in No. 2002-C-478.

ON APPLICATION FOR REHEARING
PER CURIAM.
In its rehearing application, Williams Fence for the first time claims attorney's fees for arbitrary and capricious discontinuance of rehabilitation services are not provided for in the Workers' Compensation Act. This was the position of the dissent herein and now urged on rehearing by Williams Fence. With this per curiam we grant the rehearing for the limited purpose of addressing this issue, otherwise the rehearing application is denied.
With the exception of one lone case in the Third Circuit Court of Appeal, namely, Rollins v. Glitsch, 97-1404 (La.App. 3 Cir. 5/13/98), 713 So.2d 674, writ denied, 98-1590 (La.9/18/98), 724 So.2d 763, which was not followed by other panels within the Third Circuit, most our circuit courts of appeal have consistently held that attorney's fees for arbitrary and capricious discontinuance of rehabilitation services have been found a "claim due" under LA.REV. STAT. ANN. § 23:1201.2. Alexander v. Roy O. Martin Lumber Co., 00-1344 (La.App. 3 Cir. 5/9/01), 784 So.2d 872, writ denied, *918 01-1684 (La.9/21/01), 797 So.2d 676; Jones v. Universal Fabricators, 99-1370 (La. App. 3 Cir. 2/9/00), 758 So.2d 856, writ denied, 00-742 (La.5/12/00), 762 So.2d 13; Dubois v. Louisiana Forest Indus., Inc., 98-895 (La.App. 3 Cir. 12/9/98), 722 So.2d 409, writ denied, 99-0049 (La.2/26/99), 738 So.2d 586; see also Mistrot v. York Intern., 97-2374 (La.App. 4 Cir. 4/22/98), 712 So.2d 968.[1]
Under the provisions of LA.REV.STAT. ANN. § 23:1226(B)(3), "[s]hould the employer refuse to provide these [rehabilitation] services, the employee may file a claim with the office to review the need for such services in the same manner and subject to the same procedures as established for dispute resolution of claims for workers' compensation benefits." (emphasis added). LA.REV.STAT. ANN. § 23:1201.2, a provision implemented in the resolution of disputed claims for workers' compensation benefits, provides in pertinent part:
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. (emphasis added).
We find that vocational rehabilitation is a "claim due" under LA.REV.STAT. ANN. § 23:1201.2 because LA.REV.STAT. ANN. § 23:1226(A) provides that the employee shall be entitled to prompt rehabilitation services when he has suffered an injury which precludes him from earning wages equal to wages earned prior to the injury. To the extent that Rollins v. Glitsch, 97-1404 (La.App. 3 Cir. 5/13/98), 713 So.2d 674, conflicts with this holding, it is hereby overruled. Accordingly, the rehearing application is hereby denied.
VICTORY, J., dissenting.
In my view, the Court should grant the petition for rehearing on the issue of whether attorney's fees for arbitrary and capricious discontinuance of rehabilitation services are awardable under La. R.S. 23:1201, and schedule the matter for briefing and oral argument.
NOTES
[1] We are only presented with the discontinuation of rehabilitation services and a request for attorney's fees. We are not presented with the failure to commence vocational rehabilitation and whether penalties may also be appropriate in that instance.