# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-1270


STEVE HONEYCUTT

VERSUS

HENRY'S PLUMBING


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT - # 2
PARISH OF RAPIDES, NO. 06-07111
SHERAL KELLAR, WORKERS' COMPENSATION JUDGE


**\*\*\*\*\*\*\*\*\*\***


## ELIZABETH A. PICKETT
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**REVERSED AND RENDERED.**



**Thomas Day Travis**
**Attorney at Law**
**2237 S. Acadian Thruway, #701**
**Baton Rouge, LA 70808**
**Counsel for Defendant/Appellee:**
       **Henry's Plumbing**

**Robert L. Beck, III**
**Rivers, Beck, Dalrymple**
**P. O. Drawer 12850**
**Alexandria, LA 71315-2850**
**Counsel for Claimant/Appellant:**
       **Steve Honeycutt**

**PICKETT, Judge.**

The claimant, Steve Honeycutt (Honeycutt), appeals a judgment of the Office of Workers' Compensation (OWC) dismissing his suit for benefits for an injury allegedly sustained in the course and scope of his employment. We reverse the judgment of the OWC and award the claimant benefits plus penalties and attorney's fees.

**FACTS**

The claimant was employed by the defendant, Manuel Henry d/b/a Henry's Tree Service and referred to in the OWC form 1008 as Henry's Plumbing Company, LLC (collectively referred to as Henry). Honeycutt and two men hired by him, Larry "Rooster" Bryant (Bryant) and Travis LaCroix (LaCroix), were engaged by Henry to build steps and small porches for FEMA trailers being supplied to Hurricane Katrina victims in Plaquemines Parish. The trio worked for Manuel from January 13, 2006, through February 13, 2006. The steps and porches were made of "green" lumber, fresh from the mill. Consequently, the wood was still wet from processing and was heavier than normal. Honeycutt testified that on February 10, 2006, he was sawing wood for Bryant and LaCroix. He stated that as he reached back with his right hand, to grab a 4x4 to cut for the project, he sustained an injury to his right shoulder. After injuring his shoulder, he stated that he informed Bryant and LaCroix of his injury and returned to the trailer where the three men were staying. Honeycutt testified that he was unable to return to work. Honeycutt stated that the next morning, Henry came by the trailer to check on him and that, during the visit, he informed Henry of his injury. According to Honeycutt, Henry said that since the job was just about finished, Honeycutt should wait to see if the injury was nothing more than a pulled muscle.

1

Honeycutt's testimony was corroborated by both Bryant and LaCroix. Shortly thereafter, the job was completed and, on February 13, Honeycutt and Bryant, left together for their homes in Rapides Parish. Bryant testified he had to drive back home because the pain in Honeycutt's arm/shoulder prevented him from doing so.

Following his return to Rapides Parish, Honeycutt's shoulder did not improve causing him to seek medical treatment. He first consulted Dr. Wynn Harvey, a chiropractor; then he saw Dr. Warren Plauche, a family practice physician. When he got no relief from either of these doctors, he sought treatment at Huey P. Long Medical Center in Pineville where he underwent an MRI which substantiated objective indications of a right shoulder injury. Finally, in June 2007, he consulted Dr. Gerald Leglue at the Leglue Physical Medicine Clinic. His records from all of these providers are consistent in that he constantly complained of right shoulder pain and related that pain to an accident at work in February 2006.

At the hearing before the Workers' Compensation Judge on June 12, 2007, Manuel testified that no one on the job site reported to him that Honeycutt injured his shoulder and that the first notice he got of Honeycutt's injury was the letter from the claimant's attorney dated September 13, 2006. Manuel testified that upon receiving the letter notifying him of Honeycutt's injury, he contacted Lacroix who stated he didn't remember anything about Honeycutt injuring his shoulder. However, when Lacroix testified at the June hearing, he stated that not only did Honeycutt tell him about the injury, but that from his observation of how Honeycutt was holding his shoulder, "you could tell he hurt it." The only evidence we found in the record that was adverse to Honeycutt's case was the discrepancy between Honeycutt's testimony at the hearing wherein he denied any prior motor vehicle accident and the May 2005

2

records from Honeycutt's admission to Huey P. Long Medical Center for a perforated gastric ulcer. In those records there is a reference to a prior motor vehicle accident.

The WCJ found that Honeycutt failed to carry his burden of proving that he sustained an on-the-job accident causing injury. Honeycutt appealed.

## LAW AND DISCUSSION

At the outset we note that at the June 12, 2007 hearing which forms the basis for this appeal, the parties agreed that if the WCJ found Honeycutt to be disabled, he would be entitled to receive the statutory maximum compensation rate in effect at the time of his injury of $454.00 per week.

Recently, in *Maddox v. Texas Gas Transmission Corp.*, 07-906, pp. 4-5 (La.App. 3 Cir. 12/5/07), 971 So.2d 541, 544-45, this court reviewed the law applicable to this case (first and third alterations in original):

> "[T]he plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence." *Id.* [*Bruno v. Harbert Int'l Inc.*, 593 So.2d 357, 361 (La.1992)] Additionally,
>
> A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. *West v. Bayou Vista Manor, Inc.*, 371 So.2d 1146 (La.1979); Malone and Johnson, *13 Louisiana Civil Law Treatise, Workers' Compensation, § 253* (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, *supra*; *Nelson [v. Roadway Express, Inc.*, 588 So.2d 350 (La.1991) ]. Corroboration may also be provided by medical evidence. *West*, *supra*.
>
> In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of the testimony." *West*, 371 So.2d at

1147; *Holiday v. Borden Chemical*, 508 So.2d 1381, 1383 (La.1987).

> *Id.*

In the case sub judice, Honeycutt's testimony was corroborated by the circumstances following the alleged incident, *i.e.*, he retired to the trailer and could neither return to work nor drive home three days later. Additionally his testimony was corroborated by the testimony of fellow workers and by the medical evidence submitted. The record contains no evidence which discredits or casts serious doubt upon the worker's version of the *incident*. The only evidence which discredits or casts any doubt upon Honeycutt's credibility is the reference to a prior motor vehicle accident in the May 2005 records from Huey P. Long Medical Center and his consistent denial of same. However, even if Honeycutt had been involved in a prior motor vehicle accident it would have no bearing on this case. It is well settled that a worker's pre-existing condition does not bar his recovery under our workers' compensation laws because an employer takes the employee as he finds him. Even an abnormally susceptible employee is entitled to the same protection as is a healthy worker. *Fontenot v. Wal-Mart Stores, Inc.*, 03-1570 (La.App. 3 Cir. 4/7/04), 870 So.2d 540, *writ denied*, 04-1131 (La. 6/25/04), 876 So.2d 843.

We are well aware that a "workers' compensation judge's determinations on whether the employee's testimony was credible and on whether the employee met his burden of proof are factual findings not to be disturbed on appeal absent manifest error." *Jack v. Prairie Cajun Seafood Wholesale*, 07-102, pp. 4-5 (La.App. 3 Cir. 10/3/07), 967 So.2d 552, 555-56 (citations omitted). However, we are also cognizant of the rule that a worker's "[d]isability can be proven by both medical and lay testimony, and *the workers' compensation judge must weigh all of the evidence*

4

in order to determine whether the employee has met his burden of proof of this element." *Id.* at 556 (emphasis ours).

Considering the record as a whole, we find the WCJ was clearly wrong and that Honeycutt carried his burden of proving a work-related accident and injury. Accordingly, the judgment of the WCJ is reversed and the claimant is awarded benefits commencing on February 10, 2006, along with interest on all past due weekly payments.

We turn now to this issues of penalties and attorney's fees. At the June 2007 hearing, Wayman Bryant (W. Bryant) testified on behalf of LWCC, Manuel's workers' compensation carrier. W. Bryant testified that he was assigned the case in the fall of 2006 and contacted Manuel. He learned that Honeycutt had retained counsel and called to try to arrange to take a statement. He admitted that no statement was taken from Honeycutt and that he neither sent a written request for an interview nor scheduled any depositions. Neither did he take a statement from Honeycutt's co-workers, Bryant and LaCroix. W. Bryant also admitted that Honeycutt was never referred to any physician by LWCC and that none of the medical bills submitted to LWCC were ever paid. W. Bryant further admitted that he had received a written request for benefits from Honeycutt's counsel but that no benefits were ever paid.

The award of penalties and attorney's fee in workers' compensation cases is justified in several situations. In *Rivera v. M & R Cable Contractors, Inc.*, 04-985, pp. 8-9 (La.App. 3 Cir. 12/15/04), 896 So.2d 90, 96-97, this court noted:

> Pursuant to La.R.S. 23:1201(F), an employee is entitled to penalties and attorney fees when the employer fails to commence benefit payments and pay medical expenses. La.R.S. 23:1201(F) provides, in pertinent part:

Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing.

Awards of penalties and attorney fees are penal in nature and are imposed to discourage indifference and undesirable conduct by employers and insurers. *Williams v. Rush Masonry*, 98-2271 (La.6/29/99), 737 So.2d 41. These statutes awarding penalties and attorney fees are to be strictly construed. *Id.*

Whether an employer or insurer should be cast with penalties and attorney fees is a question of fact. *Authement v. Shappert Engineering*, 02-1631 (La. 2/25/03), 840 So.2d 1181. "The employer must adequately investigate the claim, and the crucial inquiry is whether the employer had an articulable and objective reason for denying or discontinuing benefits at the time it took that action." *Williams*, 737 So.2d at 46.

Furthermore, "[i]n *Fontenot v. Reddell Vidrine Water District*, 02-439, 02-478 (La. 1/14/03), 836 So.2d 14, rehearing granted in part on other grounds, 02-442, 01-478 (La. 4/21/03), 851 So.2d 917, the supreme court held that La.R.S. 23:1201(F) provides multiple penalties for multiple violations of compensation and medical benefits claims." *Id.*

In the case sub judice, the employer failed to adequately investigate Honeycutt's claim, failed to pay benefits, failed to authorize medical treatment, and

failed to pay the submitted medical bills within sixty day of their submission (La.R.S. 23:1201(E)).

> Pursuant to La.R.S. 23:1201(F), penalties shall be awarded for an employer's failure to properly pay benefits unless the claim is reasonably controverted or resulted from conduct over which the employer or insurer had no control. In order to reasonably controvert a claim, the employer must have some valid reason or evidence upon which to base its denial of benefits.

*Trahan v. City of Crowley*, 07-266, p. 5(La.App. 3 Cir. 10/3/07), 967 So.2d 557, 561.

LWCC cannot use its failure to adequate investigate Honeycutt's claim as a defense.

In *Nelson v. Windmill Nursery of Louisiana, L.L.C.*, 04-1941, pp. 3-5 (La.App. 1 Cir. 9/23/05), 923 So.2d 709, 712-13, *writ denied*, 05-2294, (La. 3/10/06), 925 So.2d 516, our colleagues of the first circuit noted:

> LSA-R.S. 23:1121 B(1) provides that the employee shall have the right to select one treating physician in any field or specialty. An employer's refusal to authorize reasonable and necessary medical treatment for an injured employee may justify an award of penalties and attorney fees. LSA-R.S. 23:1201 F.
>
> . . . .
>
> LSA-R.S. 23:1121 B(1) makes mandatory an employee's right to select a treating physician. This statute sets no timeframe for exercising a right to select a treating physician, nor does it require that any prior medical examination be conducted. Further, it does not require proof of causation of the accident.
>
> . . . .
>
> [LWCC's] failure to authorize medical treatment to [Honeycutt] despite h[is] request implicated the penalty statute, LSA-R.S. 23:1201, which provides in pertinent part:
>
>> F. Failure to provide payment in accordance with this Section or *failure to consent to the employee's request to select a treating physician* or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in

> which any and all compensation of medical benefits remain unpaid of such consent is withheld.
>
> (Emphasis added.)
>
> Based upon the clear language of the statute, a penalty and attorney fee can be imposed for this failure to authorize treatment except where the claim is reasonably controverted. LSA-R.S. 23:1201 F(2)[.]

We find nothing in the record which would support an argument that Honeycutt's claim was "reasonably controverted."

Accordingly, for the reasons stated we award the claimant, Steve Honeycutt, disability payments of $454.00 per week retroactive to the date of his injury, February 10, 2006, plus interest thereon from the date of injury until paid. Further, we award him $2,000.00 in penalties for the failure of LWCC to pay him weekly compensation benefits; we award him another $2,000.00 in penalties for LWCC's failure to authorize medical care with his physician of choice, Dr. Gerald Leglue; and we award him a third penalty of $2,000.00 for LWCC's failure to timely pay the submitted medical bills. In addition to the foregoing we award Honeycutt $7,500.00 in attorney's fees. We cast LWCC with all costs of these proceedings at both the trial and appellate levels.

**REVERSED AND RENDERED.**