676 So.2d 665 (1996)
Douglas MILLER, Plaintiff-Appellee,
v.
BYLES WELDING & TRACTOR COMPANY, Defendant-Appellant.
No. 96-164.
Court of Appeal of Louisiana, Third Circuit.
June 5, 1996.
*666 Robert C. Thomas, Natchitoches, for Douglas Miller.
Russell L. Potter, Mark Alan Watson, Alexandria, for Byles Welding & Tractor Company.
Before DOUCET, C.J., and YELVERTON and PETERS, JJ.
YELVERTON, Judge.
Byles Welding & Tractor Company and its worker's compensation insurer, Guaranty Mutual Life Company, appeal a judgment finding them liable to Douglas Miller for temporary total disability (TTD) benefits during a period of rehabilitation and until his condition changes. Penalties and attorney's fees were also awarded. Miller answered the appeal asking for additional attorney's fees for the work done on appeal. We affirm and award attorney's fees for the appeal.

FACTS
Miller, a mechanic for Byles Welding where he worked for approximately 18 years, was injured on June 11, 1993. He hurt his lower left back while trying to pull a rod out of a hydraulic cylinder. Miller continued to work but finally went to see Dr. V.M. John on July 20, 1993. Dr. John arranged for Miller to see a Dr. Mead, but the employer scheduled an appointment with Dr. Carl Goodman instead.
Dr. Goodman, an orthopedist, examined Miller on August 2, 1993. He noted tenderness and muscle spasm and took x rays. Dr. Goodman diagnosed Miller with degenerative lumbar disc disease with acute low back pain. He sent Miller to physical therapy and told him not to work. Dr. Goodman last saw Miller on August 23, 1993.
Miller requested to see another doctor. Paul Badders, a claims adjuster, approved Miller to see another orthopedist, Dr. Ragan Green. Dr. Green examined Miller on August 30, 1993. At that time Miller had no spasm, and the x rays again only showed degenerative changes. Dr. Green recommended an epidural cortisone injection. Dr. Green saw Miller on several more occasions. He continued to suffer from chronic back pain. Miller was finally approved for the epidural injection which he received on January 13, 1994. Miller received some relief from the injection. Dr. Green requested that Dr. Nquyen, a neurologist, examine Miller. His findings were consistent with a mild left radiculopathy.
Miller was seen again by Dr. Green on March 22, 1994. At that time it was decided that Miller was not a surgical candidate. Dr. Green was trying to get him back to work but had not released him yet. Dr. Green next saw Miller on August 12, 1994. At that time he felt Miller had reached maximum medical improvement and recommended that he go through a back school. He felt that he would only be capable of light-duty employment consisting of 20 pounds maximum lift, 10 pounds repetitive. On October 31, 1994, Dr. Green noted that Miller had a functional capacity assessment performed which indicated he could perform medium work. Dr. Green opined that this was a reasonable possibility, but stated that Miller needed some work hardening and counseling for chronic pain management before he returned to work. Dr. Green last saw Miller on May 4, 1995, and noted that his opinion about Miller's ability to work had not *667 changed. He stated that Miller would not be able to do light or medium work until he underwent rehabilitation.
During this time that Miller was off from work, C.H. Byles, the owner of Byles Welding, observed Miller in various activities. He saw him mowing with a push mower, bushhogging at his church, bending over washing the wheels on a car, lifting a tire in and out of a truck to repair it, and picking peas while bending over. Byles notified the claims adjuster who hired Rick Juneau, a private investigator. Juneau videotaped Miller for three days in December 1993 and April 1994.
After viewing these video tapes, Dr. Green did not change his opinion. He did not see anything in the tapes which would indicate that Miller could do medium work. He did not see anything in the tapes that indicated Miller could lift heavy weights. He admitted that Miller did not appear to be in discomfort when performing these activities, but he also pointed out that the taped activity was not repetitive, daily work that would be required of him in an employment situation.
Miller received TTD benefits from August 2, 1993, until July 3, 1994, at the rate of $307 a week. Miller's benefits were terminated based on the medical evidence and the video tapes. Miller then filed a claim with the Office of Worker's Compensation. From a judgment finding him temporarily totally disabled, entitled to rehabilitation, and awarding penalties and attorney's fees, Byles Welding and its insurer appeal.

TEMPORARY TOTAL DISABILITY
Byles Welding and Guaranty assert that the hearing officer erred in finding that Miller proved he was entitled to reinstatement of TTD benefits. They claim that the evidence established that Miller did not prove he was unable to perform any work as required by the statute. In a worker's compensation case the appellate court's review is governed by the manifest error or clearly wrong standard. Freeman v. Poulan/Weed Eater, 93-1530 (La. 1/14/94), 630 So.2d 733.
Entitlement to worker's compensation benefits is based on the claimant's ability or inability to earn wages. Carrier v. Debarge's College Junction, 95-18 (La.App. 3 Cir. 9/27/95), 673 So.2d 1043, writ denied, 96-472 (La. 4/8/96), 671 So.2d 337. An employee seeking TTD benefits must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment. La.R.S. 23:1221(1)(c).
When an employee suffers a compensable injury which precludes him from earning wages equal to those earned preinjury, he is entitled to prompt rehabilitation services. La.R.S. 23:1226(A). Moreover, TTD shall include such period as the employee may be receiving training or education under a retraining program. La.R.S. 23:1226(F); Maxie v. Brown Industries, Inc., 95-19 (La.App. 3 Cir. 5/31/95), 657 So.2d 443, writ denied, 95-1630 (La. 10/6/95), 661 So.2d 469.
The hearing officer found that Miller was entitled to have his TTD benefits reinstated from the time they were terminated. She further found that these benefits were to be continued until his condition changed as a result of medical treatment and/or rehabilitation as prescribed by Dr. Green.
The evidence is clear that Miller, although able to do light or medium duty work, was never released by any doctor to return to his regular job. Both Drs. Goodman and Green agreed that Miller could return to light or even medium work. Dr. Goodman based his opinion on the videos that were played for him; he had not seen Miller since August 1993. Dr. Green would only release Miller to return to light or medium employment if he had a work hardening program and pain management counseling. Dr. Green also noted that Miller would not be a satisfactory employee until he dealt with the clinical depression that he was experiencing as a result of the problems from the injury. He obviously contemplated some rehabilitation. Dr. Green was concerned that if Miller went back to work and could not function at the level he did before he was injured, it would have a negative effect on his rehabilitation.
We find that the hearing officer was correct in finding that Miller was entitled to rehabilitation pursuant to La.R.S. 23:1226, in *668 order to return him to work as soon as possible. Since we have found that Miller was unable to return to work absent a rehabilitation program, he was entitled to TTD benefits. He is also entitled to continued TTD benefits during the time he may be receiving treatment or rehabilitation services as envisioned by Dr. Green. La.R.S. 23:1226(F).

PENALTIES AND ATTORNEY'S FEES
Byles Welding and Guaranty claim that the hearing officer's finding that they were arbitrary and capricious was in error. The hearing officer found that they were arbitrary and capricious in terminating Miller's TTD benefits and in failing to provide rehabilitation. The hearing officer awarded statutory penalties and attorney's fees in the amount of $8,500.
The employer or insurer is liable for statutory penalties for withholding benefits without evidence to `reasonably controvert' the employees [sic] right to compensation and medical benefits. La.R.S. 23:1201. Additionally, attorney's fees are recoverable if the employer or insurer acted arbitrarily, capriciously or without probable cause in refusing to pay or terminating benefits. La.R.S. 23:1201.2. An insurer or an employer is required to make a reasonable effort to ascertain an employee's exact medical condition before benefits are terminated or denied.
(Citation omitted).
Borel v. Dynamic Offshore Contractors, 94-1372, p. 7 (La.App. 3 Cir. 4/5/95), 653 So.2d 115, 118, writ denied, 95-1150 (La. 6/16/95), 655 So.2d 335.
A worker's compensation hearing officer has great discretion in an award of attorney's fees and penalties, and his or her discretion will not be disturbed unless it is clearly wrong. George v. M & G Testing and Services, Inc., 95-31 (La.App. 3 Cir. 7/19/95), 663 So.2d 79, writ denied, 96-39 (La. 3/8/96), 669 So.2d 403.
Miller's TTD benefits were terminated as of July 3, 1994. At that time no doctor had released him to return to work. As stated before, Dr. Goodman never saw Miller again after August 23, 1993. Dr. Green has always been of the opinion that Miller could return to light or medium work, but only after he received rehabilitation services. Miller was never provided these services.
The evidence is clear that Guaranty did not conduct a thorough investigation prior to terminating Miller's benefits. In July, 1994, there was no medical report releasing Miller to return to work. The hearing officer was not wrong in her award of penalties and attorney's fees under the circumstances of this case.
Miller filed an answer asking for an additional award of attorney's fees for the work done on appeal. We find that an additional $4,000 is appropriate under the circumstances.
For the foregoing reasons, the judgment of the hearing officer is amended to include an additional award of $4,000 for Miller's attorney's fees on appeal. In all other respects we affirm the decision of the hearing officer in favor of Douglas Miller. Costs are assessed against Byles Welding & Tractor Company and Guaranty Mutual Life Company.
AFFIRMED AS AMENDED.