AMY, Judge.
In this workers’ compensation case, Richard L. Brown filed a claim against his employer, Texas-LA Cartage, Inc., for penalties and attorney’s fees he claimed were due as the result of untimely benefit payments. FoEowing a hearing on the matter, the workers’ compensation judge denied the claim as weE as the employer’s claim for sanctions. Both parties now appeal the decision. For the foEowing reasons, we affirm.
DISCUSSION OF THE RECORD
The parties in the instant matter stipulated that the claimant, Richard L. Brown, was injured in the course and scope of his employment for the defendant, Texas-LA Cartage, Inc. on May 21, 1996. However, Brown continued performing his duties untE July 9, 1996 at which time he was restricted from work per physician’s orders. FoEowing this restriction, the defendant began paying workers’ compensation benefits.[1] The appropriateness of the quantum paid and the timeliness in which it was rendered are now at issue.
Earl Templeton, owner of Texas-LA Cartage, Inc., testified at the hearing below that the claimant was employed with the company as a fuE-time truck driver and was paid on an hourly basis. He stated that although truck drivers are considered fuE-time employees with his company, they are not guaranteed forty hours of work per week, but may, instead, work a greater or lesser number of hours depending upon the level of business.
Brown’s compensation for his first week of injury was suspended as required by La.R.S. 23:1224, and his first installment of temporary total disability (TTD) benefits was paid at a rate of $239.62 on July 24, 1996. This first payment was for the period of July 16th through July 20th. After this partial pay period, his weekly rate was $299.53. Lottie Henderson, the claims adjuster handling the matter, testified that this rate was based on the Brown’s gross wages for the four weeks prior to the surgery. She stated that these wages indicate that his average weekly rate whEe working was $449.32, thereby entitling him to $299.53 in TTD benefits. Henderson testified that she was not informed that Brown was considered a full-time employee with the company, but that the rate was based strictly on the wages of the four weeks prior to the surgery.
The record indicates that, after receiving the benefits for a number of weeks, the claimant contacted an attorney who advised Henderson on September 3, 1996 that Brown was a fuE-time employee and, accordingly, he was entitled to an increased sum. Henderson stated that, although claimant’s status as a fuE-time employee was actu-aEy a “gray area,” the company adjusted Brown’s benefit amount. On September 10, 1996, Brown’s payments were issued at the adjusted rate and a check was issued for the difference in the sums for the weeks previously paid. AdditionaEy, Brown was issued a check at this time for the first week foEowing injury which was suspended pursuant to La. R.S. 23:1224.
Immediately thereafter, on September 12, 1996, Brown filed a disputed claim for compensation seeking, in part, penalties and attorney’s fees for the aEegedly late and inadequate benefits. The defendant aEeged that the claim was frivolous and, accordingly, sought sanctions pursuant to La.Code Civ.P. art. 863.
*1008 Following a hearing on the merits, the workers’ compensation judge denied both parties’ claims after finding that an insurer should not be penalized based on a simple miscalculation. It is from this determination that the claimant asserts the following assignment of error:
The initial payment of disability benefits after the work injury and after plaintiff was found to be restricted from working by his physician, on July 9, 1996, was not made within 14 days of the employer’s notice of injury and disability. Benefits were untimely paid for certain past periods of disability. The hearing officer erred in disallowing plaintiffs claims for penalties and attorney’s fees.
LAW
Penalties and Attorney’s Fees
The claimant maintains that he is entitled to both penalties and attorney’s fees for a number of alleged statutory violations. First, the claimant argues that his first | compensation payment, made on July 24, 1996, was for less than a full week’s benefits and, further, the initial sum, paid during the first several weeks of disability, was inadequate. These statutory violations, the claimant maintains, entitle him to penalties. Additionally, Brown contends that the payment delayed by La.R.S. 23:1224 was paid in an untimely fashion. He maintains that the inadequate/late payments were due to the defendant’s inadequate investigation and, further, that the alleged miscalculations were within the defendant’s control. The claimant also seeks an award of attorney’s fees pursuant to La.R.S. 23:1201(F) and La.R.S. 23:1201.2.
The timely payment of benefits and the consequences of failure to do so are controlled by La.R.S. 23:1201 which provides, in part, as follows:
B. The first installment of compensation payable for temporary total disability, permanent total disability, or death shall become due on the fourteenth day after the employer or insurer has knowledge of the injury or death, on which date all such compensation then due shall be paid.
[[Image here]]
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollar per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim....
[[Image here]]
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
The claimant also urges La.R.S. 23:1201.2 which provides the following:
Any employer or insurer who at any time discontinues payment of claims , due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of all reasonable attorney fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. . The provisions of R.S. 22:658(C) shall be applicable to claims arising under this Chapter.
In reviewing this matter, we are mindful that a workers’ compensation judge “has great discretion in an award of attorney’s fees and penalties, and his or her discretion will not be disturbed unless it is clearly wrong.” Miller v. Byles Welding & Tractor Co., 96-164, p. 6 (La.App. 3 Cir. 6/5/96); 676 So.2d 665, 668.
After hearing the testimony presented at the trial and argument by both parties’ counsel, the workers’ compensation judge concluded that the employer’s conduct was not such that necessitated the imposition of penalties and attorney’s fees but, rather, indicated a willingness to cooperate with the claim *1009 ant’s request. In oral reasons for ruling, the judge reasoned as follows:
This Court is going to rule in favor of the Defense. In finding for the Defendant I think a reoccurring thing that goes throughout the evidence that was presented and what I heard today is an attitude of indifference, and I do think that the insurance company did not — or they were not neglectful in their handling of this claim. In fact there were some things or some actions between the employer and I guess the TPA that I would almost commend or, you know, salute the employer for doing in the handling of this case. You know, so I’m going to state — I’m going to hold to that and I’ll cite Stegall[2] as case law in upholding Umy decision. And I’ll ask that parties split their cost in this matter, share their own cost.
After reviewing the evidence and testimony in the present matter, we conclude that the trial court was not clearly wrong in finding that the defendant’s acts did not warrant attorney’s fees and penalties. As did the workers’ compensation judge, we note that the record indicates the employer’s, as well as the compensation administrator’s, willingness to pay appropriate compensation to the claimant. As previously stated, Lottie Henderson testified that the employer provided the information requested and, further, that she had no indication of the claimant’s status as a full-time employee who might, or might not, work forty hours per week. Her testimony confirmed that although the claimant’s status was unclear, a check was immediately issued for the increased amount when the discrepancy was discovered. Further, we decline to penalize the defendant when the greater benefit sum was paid despite the alleged “gray area” surrounding the claimant’s work status. Had such an area existed, and we need not decide here whether it did, this lack of clarity as to status, alone, could have very well prevented the imposition of penalties and attorney’s fees had the increased benefit been denied. The supreme court has held that penalties and attorney’s fees pursuant to La.R.S. 23:1201 and La.R.S. 23:1201.2 are applicable only in the absence of a reasonable controversy. See Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989). Accordingly, we find no clear error.
As for the claimant’s contention that the first pay period was for less than a full week’s benefits, we find this argument merit-less. Henderson testified that following the week of waiting after the July 9th disability, the claimant’s payments became due on July 16th, The following exchange between the claimant’s counsel and Ms. Henderson is found in the record:
Q ... The first check that you issued as per this ledger in the amount of two thirty-nine sixty-two was for less than a week’s compensation, is that correct?
A That’s correct, it was for the 16th through the 20th.
Q And is there some statutory authority that you are aware of that permits you to pay less than a week’s compensation that’s due?
A The only thing that we go by that tells us we have to pay it within fourteen days of the time it was due. The first payment that was due on this was the 16th of July. Our payroll is done on a weekly basis and it’s issued every Wednesday, we don’t issue checks on Monday, Tuesday, Wednesday, Thursday, Friday, we issue them once a week, and they’re issued on Wednesday for the week prior so that they’re actually issued through Saturday and it’s issued on the following Wednesday. So this one was issued at less than a total week because it was issued on a Wednesday and it was *1010 issued for the week prior to that for the 16th through the 20th. So it was actually issued — the 16th was the first day it was due and we issued it on the 24th, and then the next week was a full check and has been a full check each week.
This explanation clearly indicates that the claimant was adequately paid and that the defendant sought to systematically meet the compensation requirements. Accordingly, we find no clear error in the judge’s denial in this respect.
With regard to .the late payment of benefits for the first week following disability, we do not find that the workers’ compensation judge was clearly wrong in denying penalties for such payments. La.R.S. 23:1224 provides the following:
No compensation shall be paid for the first week after the injury is received; provided, that in cases where disability from injury continues for six weeks or longer after date of the accident, compensation for the first week shall be paid after the first six weeks have elapsed.
The record indicates that the claimant’s benefits for the week of waiting were paid on September 10,1996. Lottie Henderson testified that these benefits became due on August 20th and that the company then had a fourteen-day period in which to pay them. She stated that the cheek was most likely not issued until September 10 because of the policy regarding the issuing of cheeks only on Wednesdays. Additionally, she stated that the check wasn’t issued on the first Wednesday after the payment became due as she was probably out of the office and the previous week’s checks were simply duplicated for distribution.
Given the wording of the statute regarding this week of suspended pay, we find that the workers’ compensation judge was not clearly wrong in denying penalties and attorney’s fees in this area. Furthermore, Henderson’s testimony once again indicates that the defendant acted responsibly in administering Brown’s claim.
Sanctions
The employer urges that this court impose sanctions for the filing of a frivolous claim by the claimants pursuant to La.Code Civ.P. art. 863(B) which provides as follows:
Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for | gany improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
This court has previously found that Article 863 should not be used simply when the parties disagree as to the resolution of a matter, but rather, should be spared for those cases involving exceptional circumstances. Murphy v. Boeing Petroleum Services, 600 So.2d 823 (La.App. 3 Cir.1992). Further, Article 863 does not allow the imposition of sanctions “simply because a particular argument or ground for relief is subsequently found to be unjustified. Failure to prevail does not trigger a sanction award. The slightest justification for the exercise of a legal right precludes sanctions.” Id. at 827.
At trial, the workers’ compensation judge denied the defendant’s request for sanctions finding that the matter was reasonably controverted by both parties. After reviewing the testimony and the authoritative statutory materials in the instant matter, we do not find that the trial court erred in finding sanctions inappropriate.
DECREE
For the foregoing reasons, the decision of the Office of Workers’ Compensation is affirmed. All costs of these proceedings are to be divided equally between the claimant, Richard L. Brown, and the defendant, Texas-LA Cartage, Inc.
AFFIRMED.
THIBODEAUX, J., dissents and assigns written reasons.

. The record indicates that Clarendon National Insurance Company provided compensation coverage for the defendant.

. Stegall v. J & J Exterminating, 94-1279, p. 6 (La.App. 3 Cir. 3/1/95); 651 So.2d 400, 403, wherein a panel of this court stated the following as to an employer’s miscalculation of benefits:
Generally, an insurer will not be penalized for a simple miscalculation of benefits; however, penalties and attorney’s fees have been imposed where the insurer gathers incomplete data in preparing the claim or makes no attempt to correct an error that was pointed out to it. Barton v. Wausau Insurance Co., 545 So.2d 1248 (La.App. 2 Cir.1989). An insurer may not proceed with an attitude of indifference to the injured worker’s situation. Mallet v. Louisiana Nursing Homes, Inc., 459 So.2d 178 (La.App. 3 Cir.1984), writs denied, 463 So.2d 604, 605 (La.1985).