[ THIBODEAUX, Judge.
The defendant-appellant, State of Louisiana, Through the Department of Transportation and Development (hereinafter “DOTD”), appeals the judgment of the Office of Workers’ Compensation awarding penalties and attorney fees to the plaintiff-appellee, Mr. Francis Russell. Penalties and attorney fees were awarded as a result of the State’s failure to timely pay benefits to Mr. Russell. For the following reasons, we amend the judgment to increase the attorney fees from $1,000 to $2,500 for work performed at the trial level and award an additional $2,500 for the handling of this appeal. We also amend the penalty award from $2,000 to $1,900. We affirm in all other respects.
I.

ISSUES

The issues presented for review are: (1) whether a delay of thirty-eight days by DOTD in paying Mr. Russell the full amount of his indemnity benefits entitles him to an award of penalties and attorney fees? and (2) was the award of $2,000 in penalties and $1,000 in attorney fees to Mr. Russell excessive?
II.

FACTS

Mr. Francis Russell worked for the Department of Transportation and Development as a laborer. On October 12, 1996 while working on a highway, Mr. Russell was using a mechanical auger which twisted him to the ground. As a. result, Mr. Russell was injured and is now receiving workers’ compensation benefits in the amount of $576.03 every twenty-eight days. On May 4, 1999, DOTD issued a draft | ¡.for $20.57 labeled as a last payment representing the date of April 5, 1999 to Mr. Russell, instead of the usual payment of $576.03. The previous payment which he had received was dated April 6, 1999, representing the period of March 8, 1999, through April 4,1999. Mr. Russell’s benefits were paid every twenty-eight days and, thus, he was being paid for the previous month. Therefore, before receiving the May 4, 1999 draft in the amount of $20.57, he had not received any indemnity benefits since April 4,1999.
*1102 After the $20.57 draft was received, several attempts were made to contact the Office of Risk Management adjuster, Mr. Ramsey Horn, about the discrepancy. Mr. Horn did not return phone calls from both Mr. Russell or his attorney. Written correspondence was then generated on May 11, 1999, requesting an explanation. No response was received. On May 14, 1999, another attempt was made by Mr. Russell and his attorney, through a handwritten fax, to Mr. Horn requesting an explanation. Again, no response. Finally, after numerous unsuccessful attempts to contact Mr. Horn, a 1008 claim was filed by Mr. Russell with the Office of Workers’ Compensation on May 17,1999.
Mr. Horn responded after the filing of litigation and advised Mr. Russell that the $20.57 draft was a computer error and would be corrected. Several days passed and no payment was issued by DOTD. Mr. Russell and his attorney again made numerous unsuccessful attempts to contact Mr. Horn inquiring why the payment had not been received. Finally, on June 11, 1999, a draft for the past due benefits was ultimately generated and mailed. As a result of DOTD’s untimely handling of this situation, Mr. Russell went without the full amount of his indemnity benefits for over thirty-eight days.
13A trial on the merits was held on May 3, 2000. Judgment was rendered in favor of Mr. Russell in the amount of $2,000 in penalties and $1,000 in attorney fees. DOTD has appealed from this decision and Mr. Russell filed an answer requesting an increase in the attorney fees award and for attorney fees in handling this appeal.
III.

LAW AND DISCUSSION

Standard of Review
The appellate court’s standard of review in a workers’ compensation case is governed by the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). This standard precludes setting aside a trial court’s or a jury’s finding of fact in absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State through Dep’t of Transp. and Dev., 617 So.2d 880 (La.1993). In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Mart v. Hill, 505 So.2d 1120 (La.1987); Rosell, 549 So.2d 840; Stobart, 617 So.2d 880. The reviewing court is compelled to review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous. Id. The Supreme Court has emphasized that it is crucial that the reviewing court keep in mind that “if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed |4the evidence differently.” Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990).
Awarding of Penalties and Attorney Fees
DOTD contends the workers’ compensation judge erred in finding that it was arbitrary and capricious in falling to pay Mr. Russell his benefits in a timely manner. Louisiana Revised Statutes 23:1201(F) states in pertinent part:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits *1103 or fifty dollars per calendar day, whichever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner;
[[Image here]]
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
The puipose for attorney fees and penalties is to combat indifference by employers and insurers toward injured employees. Hood v. C.J. Rogers, Inc., 94-1162 (La.App. 3 Cir. 3/8/95); 654 So.2d 371. The facts of this case indicate that indemnity benefits were essentially stopped on April 5, 1999, and did not resume until June 11, 1999. The only explanation offered by DOTD was that the indemnity benefits were stopped because of a computer error. The error, however, was immediately brought to the attention of the adjuster, Mr. Ramsey Horn, and nothing was done. Communication to Mr. Horn was made again by way of a handwritten fax dated May 14, 1999, requesting an explanation. Again, no response. Only after the [fifiling of a 1008 Claim did Mr. Horn finally respond to Mr. Russell. Mr. Horn’s only excuse was that of a computer error which he assured Mr. Russell would be corrected. No action was taken by Mr. Horn. Only after further phone calls and correspondence by Mr. Russell and his attorney was a draft ultimately issued by DOTD dated June 11,1999.
If a claim is reasonably controverted or if payments are not made because of a condition over which the employer or insurer had no control, penalties and attorney fees will not be awarded. La.R.S. 23:1201(F)(2). In reviewing the award for statutory penalties in this matter, we recognize that a workers’ compensation judge is given great discretion in determining whether penalties are due. Miller v. Byles Welding & Tractor Co., 96-164 (La.App. 3 Cir. 6/5/96); 676 So.2d 665. This discretion is not to be overturned unless it is clearly wrong. Id. It is incumbent upon DOTD to discover its own mistakes and correct them within a reasonable time. Mr. Horn’s handling of this situation was grossly inadequate and the penalty provision of the statute was designed to combat just this type of inaction and indifference. Thus, we find that the workers’ compensation judge was not clearly wrong in awarding penalties for DOTD’s failure to timely pay indemnity benefits to Mr. Russell. We also find that the claim was not reasonably controverted and DOTD could have immediately resumed Mr. Russell’s payments after notification. The record discloses that all payments were made through April 5, 1999. Mr. Russell was not entitled to another indemnity check until May 4, 1999. On June 11, 1999, Mr. Russell was issued a check to cover the past due benefits. According to La.R.S. 23:1201(F), a penalty will be in an amount equal to twelve percent of any unpaid compensation or fifty dollars per calendar day, whichever is greater. The fifty dollar lfiper diem penalty is capped at $2,000. Thus, Mr. Russell is entitled to $1,900 in penalties which is $50 per day for the thirty-eight days he went without benefits.
Imposition of Attorney Fees
Louisiana Revised Statutes 23:1201(F) allows for the imposition of attorney fees if an employee’s benefits have been withheld. As with penalties, the workers’ compensation judge is given *1104 great discretion in imposing attorney fees. Miller, 676 So.2d 665. The factors used to calculate attorney fees in workers’ compensation cases are degree of skill and ability exercised, amount of claim, amount recovered, and amount of time devoted to the case. Miller v. Roger Miller Sand, Inc., 95-1253 (La.App. 3 Cir. 3/13/96); 676 So.2d 1084, writ granted in part and reversed in part on other grounds, 96-2122 (La.11/22/96); 683 So.2d 295.
A careful review of the record indicates that Mr. Russell’s attorney devoted much time to this case. Mr. Russell’s counsel filed a disputed claim with the Office of Workers’ Compensation, filed a petition, prepared letters inquiring into the matter, drafted briefs, participated in a trial on the merits and prepared a successful appeal. Thus, we find that the award of $1,000 in attorney fees was not excessive, indeed it was sufficiently low so as to constitute an abuse of discretion. Therefore, we amend the award of $1,000 in attorney fees to $2,500 and award an additional amount of $2,500 for the successful handling of Mr. Russell’s appeal.
IV.

CONCLUSION

The workers’ compensation judge was not manifestly erroneous or clearly wrong in awarding penalties and attorney fees to Mr. Russell. DOTD offered no credible reason for the delay in Mr. Russell’s benefits. A computer glitch is not |7an acceptable excuse. The error was brought to the attention of Mr. Horn immediately following the May 4, 1999, receipt of the $20.57 check and no action was taken until June 11,1999.
For the above reasons, the judgment of the Office of Workers’ Compensation is amended to increase the award of attorney fees to $2,500 and amended to reduce the amount of the penalty to $1,900. An additional award of attorney fees in the amount of $2,500 is granted to Mr. Russell for the handling of this appeal. All costs of this appeal are assessed against DOTD.
AMENDED AND, AS AMENDED, AFFIRMED.