I t SAUNDERS, Judge.
On January 1, 1997, Deborah Duvall was injured in the course and scope of her employment with St. Francis Cabrini Hospital. She filed a claim for workers’ compensation benefits, penalties, and attorney fees. The workers’ compensation judge awarded Duvall $2,000 in penalties and $4,000 in attorney’s fees. Both parties now appeal this judgment.
*420 Factual and Procedural Review
Plaintiff, Deborah Duvall (“Duvall”), was employed by Defendant, St. Francis Cabrini Hospital (“Cabrini”), as a registered nurse, when she sustained an injury during the course and scope of her employment. Duvall has received workers’ compensation benefits and continues to receive benefits.
On July 7, 2000, Duvall filed a disputed claim for compensation, alleging arbitrary and capricious failure to authorize payment for epidural steroid injections, failure to timely approve prescription medications, and for penalties and attorney fees. On September 6, 2000, an amended and supplemental disputed claim was filed alleging the arbitrary, capricious, and unreasonable failure of the Defendant to approve blood work and a gastrointestinal evaluation. The claim based upon the failure to timely approve prescriptions was later withdrawn.
Lindsey Morton Claims Services was the third party administrator for Cabrini. The adjuster for Lindsey Morton Claims Services, Mr. Clint Dobson (“Dobson”), received a call on June 7, 2000, from the office of Dr. Joe Crapanzano. Dr. Crapan-zano was Duvall’s pain management physician, who planned to perform the epidural steroid injections, if approved by the workers’ compensation carrier. Although Dob-son had repeated references in the medical record explaining why Duvall was referred to Dr. Crapanzano, Dobson did not review any of his records. Rather, Dobson chose to ask Duvall’s treating physician, Dr. Blotner, for more | ¿information regarding whether the recommended treatment was work-related. Upon receiving a faxed letter from Dr. Blotner indicating that the treatment was medically necessary, Dob-son ultimately authorized the treatment on July 10, 2000.
With respect to the gastrointestinal evaluation, the record shows that Dobson was aware of the gastroscope as early as February 15, 2000, and at least by June 8, 2000. At trial, Dobson indicated that as early as February 15, 2000, he found references in his records indicating that some of the treatment Duvall was receiving, in connection with her work-related injury, was upsetting her stomach. Dobson further testified that based on the April 12, 2000 report by Dr. Blotner, he was aware of the scheduled gastroscope. Finally, Dobson demonstrated his knowledge of the upcoming gastroscope in his June 8, 2000 letter to Dr. Blotner. Although aware of the upcoming gastroscope, Dobson did not approve the gastroscope evaluation because of a question regarding the relation of the evaluation to the workers’ compensation injury.
At trial, the workers’ compensation judge found that Dobson should have authorized the treatment by Dr. Crapanzano when he called on June 7, 2000, and that it was unreasonable for Dobson not to review his records or authorize the treatment. The trial court also found that there was no reason for Dobson’s failure to approve the gastroscope. As a result, the trial court awarded $2,000 as penalties for arbitrary, capricious and unreasonable failure to timely approve and authorize payment for epidural steroid injections and for failure to approve gastrointestinal studies prescribed by Dr. Blotner. Moreover, the trial court awarded Plaintiff $4,000 in attorney fees, legal interest and all court costs.
From this judgment, both Plaintiff and Defendant appeal. Defendant asserts the following assignments of error:
|al. The finding of the Office of Workers’ Compensation in favor of Plaintiff and against Defendant is manifestly er *421 roneous and not supported by the record.
2. The Office of Workers’ Compensation erred in failing to find that the Defendant was not arbitrary, capricious or unreasonable in refusing to authorize medical treatment which had not been formally requested.
3. The Office of Workers’ Compensation acted improperly when it considered evidence of a claim by Plaintiff for authorization of medial treatment with Dr. Price, occurring after the date the Disputed Claim for Compensation was filed, in awarding penalties and attorney fees.
Plaintiff asserts the following assignments of error:
1. The trial court erred in assigning only one penalty for various arbitrary, capricious and unreasonable acts of Defendant.
2. The trial court erred in finding that the penalty to be awarded on the failure to approve the epidural steroid injections was based on three (3) days of unreasonable behavior.
3. The trial court erred in failing to find that Defendant arbitrarily, capriciously and unreasonably denied blood work recommended by one of Plaintiffs treating physicians, Dr. Blotner.
4. The trial court erred in awarding attorney’s fees that are excessively low.
Law and Analysis:
It is well established that the standard of review in a workers’ compensation case is governed by the manifest error or clearly wrong standard. Desselle v. Oaks Care Ctr., 01-0044 (La.App. 3 Cir. 5/2/01); 787 So.2d 500, 502; Russell v. State, DOTD., 00-0932 (La.App. 3 Cir. 2/21/01); 782 So.2d 1099, 1102. In applying this standard, the court must determine not whether the trier of fact was right or wrong, but whether the conclusion was a reasonable one. Russell, 2000-0932; 782 So.2d 1099.
Defendant’s first two assignments of error:
The Defendant asserts that the trial court’s finding in favor of Plaintiff is manifestly erroneous and unsupported by the record, and the court erred in failing to | ¿find that the Defendant was not arbitrary, capricious or unreasonable. Having reviewed the record, we find no error in the trial court’s ruling in favor of the Plaintiff.
The record shows that, on or about June 7, 2000, Defendant, through its third party administrator (Dobson), received a phone request for approval of the epidural steroid treatment. Dobson testified that he considered this phone request to be a formal request, and that he routinely approves similar phone request. Furthermore, as revealed by the record and recognized by the trial court, medical records supporting the necessity of the procedure were in Dobson’s possession when he received the phone request, and had Dobson simply reviewed his files he would have realized that he had enough information to authorize the procedure. Nonetheless, Dobson chose to write Dr. Blotner asking for an opinion indicating that the procedure was a medical necessity. Finally, after receiving the report from Dr. Blot-ner, the treatment was approved on July 10, 2000. Because the approval of the treatment took over a month from the time of the request even though Defendant had enough information to approve the request immediately, we find the ruling by the *422 workers’ compensation judge to be appropriate.
The record further reveals that the trial court’s finding in favor of Plaintiff with regard to the gastroscope was also appropriate. At trial, Dobson testified that he actually had knowledge that a gas-troscope was scheduled to be performed by April 12, 2000. Moreover, Dobson indicated that, as early as February 15, 2000, there were references indicating a gastrointestinal evaluation was needed. Moreover, Dobson indicated at trial that there was enough information in his claim file that would have satisfied all of his approval requirements, and had he taken the time to just look in the medical file he would have found no reason to inquire further into the necessity of the | ^gastroscope.
We find that the actions, on the part of Defendant, to be the type of indifferent, arbitrary, capricious and unreasonable conduct that the Workers’ Compensation Act in intended to deter. Accordingly, we find no merit to the Defendant’s first two assignments of error.
Defendant’s third assignment of error:
As its third assignment of error, the Defendant alleges that the trial court acted improperly in considering evidence of a claim for authorization of medial treatment occurring after the date that the disputed claim form was filed, when awarding penalties and attorney fees. In support of this assignment of error, the Defendant argues that since the trial court stated that the gastroscope had not been done in eight months, the trial court improperly considered events that took place after September 5, 2000.
Although the trial court did reference an eight-month period, we find no evidence, from the record, that the trial court relied on anything that happened after September 5, 2000, in reaching its ultimate conclusion. The trial court properly found that the Defendant was arbitrary, capricious and unreasonable in denying workers’ compensation benefits. Dobson had notice of the intended gastroscope as early as February 15, 2000, and at least by June 8, 2000. We find the award by the trial court to be reasonable without the consideration of events occurring after September 5, 2000. Accordingly, we find this assignment of error to be without merit, and affirm the trial court’s finding that penalties and attorney’s fees are warranted. Plaintiff’s first two assignments of error:
In her first two assignments of error, Plaintiff asserts that the trial court erred in assigning only one penalty for the various arbitrary, capricious, and unreasonable |fiaets by the Defendant, and the trial court further erred in finding the penalty awarded for failure to timely approve the epidural injections was based on three days unreasonable behavior. We agree with Plaintiffs first assertion, but find no merit to the second. Although prior jurisprudence by this court found that an award of multiple penalties is inconsistent with the statutory scheme arising under La.R.S. 23:1201(See Fontenot v. Reddell Vidrine Water Dist., 00-0762 (La. App. 3 Cir. 2/21/01); 780 So.2d 1197, writ granted, 01-752 (La.5/11/01); 792 So.2d 1, 4), in Haynes v. Williams Fence and Aluminum, 01-0026 (La.App. 3 Cir. 7/25/01); 805 So.2d 215, we held that such an award is allowable. In Haynes, we reasoned that, under the interpretation of Fontenot, once an employer/insurer has committed enough violations to exhaust the $2000 penalty limit, the employee no longer has protection against future infractions of arbitrary and capricious behavior thereby diluting the deterrence effect of La.R.S. 23:1201. Accordingly, multiple penalties *423 should be allowed. Haynes, 01-0026, 2001 WL 832975. We agree with the holding in Haynes, and find that, in order to more effectively deter multiple infractions by employers and insurers, multiple penalties are appropriate.
Dobson received the call requesting approval for the epidural steroid injections on June 7, 2000, but he did not approve the procedure until July 10, 2000. As previously stated, we find that, because Dobson had enough information in his possession to approve the procedure at the time of the call, it was unreasonable for him to wait until July 10, 2000, to approve it. In its reason for judgment, the trial court stated that thirty days was a sufficiently reasonable time to authorize the procedure. Upon reviewing the record, we find no error in this holding. Even if Dobson had enough information to immediately approve the epidural steroid injections, we cannot say that the trial court erred by allowing the Defendant thirty |7days to approve the procedure. Furthermore, we agree that any delay after this thirty-day period was unreasonable.
Because, the Defendant’s actions from July 8 to July 10 were unreasonable, damages should be awarded for these three days. Therefore, we amend the judgment to award an additional $150 penalty for the three (3) day delay in failing to timely approve the epidural steroid injections.
Plaintiffs third assignment of error:
In her third assignment of error, Plaintiff asserts that the trial court erred in failing to find that the Defendant arbitrarily, capriciously and unreasonably denied blood work recommended by Dr. Blotner. We find no merit to this assignment of error and affirm the trial court’s finding regarding the blood work.
The trial court found that it could not, from the evidence, make a determination as to what occurred relative to the blood work. Simply put, the trial court found that the allegations regarding the blood work were not sufficiently proven. Upon a review of the record, we find no manifest error in this ruling. The record does not indicate whether a bill for blood work was actually ever sent to Dobson. Furthermore, if a bill was sent, the record does not indicate whether Dobson delayed paying it. Accordingly, the trial court’s finding that Plaintiff failed to prove that Defendant arbitrarily, capriciously and unreasonably denied the blood work recommended by Dr. Blotner is affirmed.
Plaintiffs fourth assignment of error:
In her final assignment of error, Plaintiff alleges that the trial court erred in awarding attorney’s fees that are excessively low. The factors included when determining the amount of attorney’s fees to be awarded in workers’ compensation cases are the degree of skill and ability exercised by the attorney, the amount of the [sdaim, the amount recovered for the claimant, the amount of time the attorney devoted to the case. Langley v. Petro Star Corp. of La., 01-C-0198 (La.6/29/01); 792 So.2d 721. Awards of attorney’s fees in workers’ compensation cases are intended to deter indifference and undesirable conduct by employers and insurers towards injured employees. Id.
We find the award of $4,000 by the workers’ compensation judge for the work done at trial to be appropriate. Although Plaintiff contends that the trial judge erred in failing to awarded attorney’s fees for its pursuit of two separate acts of arbitrary and unreasonable behavior, we find no evidence in the record to support this assertion. A review of the record shows the trial judge considered both acts by the Defendant when assessing attorney’s fees. Furthermore, in light of *424 the great deference given to the trial judge in assigning attorney’s fees, we cannot say that the award was excessively low. Accordingly, we find that this assignment of error has no merit.
Plaintiff has requested an additional award for legal work done on appeal. This request is well founded. Thus, we award an additional $2,500 in attorney’s fees for work done on appeal.
Decree:
For the foregoing reasons, we amend the judgment to award an additional $150 penalty for the delay in approving the epidural steroid treatment, and award an additional $2,500 for attorney’s fees for work on appeal. We affirm the judgment in all other respects.
AFFIRMED IN PART; AMENDED IN PART.