JjDUFRESNE, Judge.
In this workers’ compensation case, the employer, BellSouth/The Berry Company, and its insurer, ITT Specialty Risk Services, Inc., have appealed from a judgment rendered in favor of the employee; Barbara Bruno.
On June 3, 1994, Ms. Bruno was injured when she slipped and fell during working hours, at a company sponsored, on-site barbeque, when two coworkers squirted her with a super soaker water gun. As a result of the injuries sustained from this fall, Ms. Bruno was unable to work for approximately four months, from June 7, 1994 through October 24, 1994. It is undisputed that during this time frame, Ms. Bruno was paid workers’ compensation benefits. However, when she returned to work, money was deducted from her paychecks in an apparent attempt by her employer, BellSouth/The Berry Company, to recoup some of the money paid to her as workers’ compensation |2benefits. Ms. Bruno also claimed that upon her return to work, she was forced to use vacation days for doctor’s appointments and physical therapy relating to her employment related injury.
The matter proceeded to trial on January 30, 1997. After considering the testimony of the witnesses and the other evidence pre *1057 sented, the workers’ compensation judge, on March 4,1997, rendered judgment in favor of the employee, as follows:
IT IS HEREBY ORDERED that the claimant, Barbara P. Bruno, was injured during the course and scope of her employment on June 3,1994.
IT IS FURTHER ORDERED that the claimant, Barbara P. Bruno, is entitled to the payment of temporary total disability benefits from June 7, 1994 through October 24,1994.
IT IS FURTHER ORDERED that the claimant, Barbara P. Bruno, is entitled to reimbursement for any flex benefits, vacation benefits, sick leave benefits and life insurance premiums which were deducted by her employer because of her workers’ compensation injury.
IT IS FURTHER ORDERED that an evidentiary hearing shall be conducted to determine the actual amount of the flex benefits, vacation benefits, sick leave benefits and life insurance which were deducted because of the workers’ compensation injury-
IT IS FURTHER ORDERED that the claimant, Barbara P. Bruno, is entitled to the payment of all medical bills, medication expenses and transportation expenses arising from the accident on June 3, 1994.
IT IS FURTHER ORDERED that the defendant, BellSouth/The Berry Company, shall be given credit for all medical expenses, medication expenses and disability benefits that they have paid to the claimant according to workers’ compensation law.
IT IS FURTHER ORDERED that the defendant, BellSouth/The Berry Company, has been arbitrary and capricious herein, for deducting money from claimant’s wages for workers’ compensation benefits paid herein. A penalty is assessed in the amount of Two Thousand Dollars ($2,000.00) and attorney’s fees in the amount of Two Thousand Dollars ($2,000.00).
From this judgment, the defendant/employer now appeals, ^alleging that the trial court erred in finding that the employee, Barbara Bruno, was entitled to reimbursement for any flex benefits, vacation benefits, sick leave benefits and life insurance premiums which were deducted by her employer because of her workers’ compensation injury.
LSA-R.S. 23:1163 provides, in part, as follows:
A. It shall be unlawful for any employer, or his agent or representative, to collect from any of his employees directly or indirectly either by way of deduction from the employee’s wages, salary, compensation, or otherwise, any amount whatever, or to demand, request, or accept any amount from any employee, either for the purpose of paying the premium in whole or in part on any liability or compensation insurance of any kind whatever on behalf of any employee or to reimburse such employer in whole or in part for any premium on any insurance against any liability whatever to any employee or for the purpose of the employer carrying any such insurance for the employer’s own account, or to demand or request of any employee to make any payment or contribution for any such purpose to any other person.
From the record before us, it is clear that when Ms. Bruno returned to work after her four month absence, she was forced to pay money to her employer. Specifically, the evidence adduced at trial showed that Ms. Bruno’s paycheck dated November 4, 1994 reflected gross earnings of $1,133.25, but net earnings of zero; her paycheck dated November 18, 1994 reflected gross earnings of $4,949.61 of which claimant received $1,649.50; her December 2, 1994 paycheck reflected her normal pay with gross earnings of $1,133.25 and net earnings of $563.50; and her paycheck of December 16, 1994 reflected gross earnings of $1,133.25 of which claimant received |4$325.74. At trial, Ms. Bruno testified that when she inquired about the problems with her checks, she was told that the deductions were made because she had to pay back ’the company for medical benefits and flex credits. Regarding her vacation time, Ms. Bruno acknowledged that she was aware of company policy that vacation days not used by the end of the year would be lost; however, she testified that she felt com *1058 pelled by her employer to use her vacation days for doctor’s appointments and physical therapy visits relating to her June 3, 1994 accident.
In contrast to the plaintiffs allegations, the defendant/employer claimed that Ms. Bruno was not forced to use her vacation days for doctor’s appointments or physical therapy, and in fact, claimed that on several occasions they allowed her to go to these appointments during regular work hours without docking her pay. However, the testimony presented by the employer regarding the deductions from her paychecks was unclear and confusing and did not explain the company’s reasons for the deductions.
In workers’ compensation cases, as in other cases, we are bound by the manifest error rule and we may not set aside the factual findings of the hearing officer absent a finding by this court that they are clearly wrong or manifestly erroneous. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706; Rivera v. West Jefferson Medical Center, 96-152, 96-153 (La.App. 5 Cir. 7/30/96), 678 So.2d 602.
Given the evidence offered at trial and discussed herein, we find |Bno manifest error in the trial judge’s determination that Ms. Bruno is entitled to reimbursement for any flex benefits, vacation benefits, sick leave benefits and life insurance premiums which were deducted by her employer because of her workers’ compensation injury.[1] The employee clearly proved that her employer deducted money from her wages and adjusted other benefits as a result of her workers’ compensation injury.
On appeal, the employer also argues that the trial judge erred in finding that the company had been arbitrary and capricious for deducting money from the plaintiffs wages for workers’ compensation benefits. The employer additionally argues that the trial court erred in the assessment of attorney’s fees and penalties in the amount of $2,000.00 each.
LSA-R.S. 23:1201 provides, in part, as follows:
F. Failure to provide payment in accordance with this Section shall result in the assessment of a penalty in an amount equal to twelve percent of any unpaid compensation or medical benefits or fifty dollars per calendar day, which ever is greater, for each day in which any and all compensation or medical benefits remain unpaid, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. Penalties shall be assessed in the following manner:
(1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers’ | (¡compensation insurance policy shall provide that these sums shall be paid by the insurer if the hearing officer determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.
'(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.
A workers’ compensation hearing officer has great discretion in an award of attorney’s fees and penalties, and his or her discretion will not be disturbed unless it is clearly wrong. Miller v. Byles Welding & Tractor Co., 96-164 (La.App. 3 Cir. 6/5/96), 676 So.2d 665; Wooley v. E.J.D. Builders, Inc., 94-955 (La.App. 5 Cir. 1/30/96), 668 So.2d 1221, writ denied, 96-0506 (La.4/8/96), 671 So.2d 338.
In the present case, the workers’ compensation judge determined that the plaintiff proved by clear and convincing evidence that her employer deducted money from her wages and adjusted other benefits as a result of her worker’s compensation injury on June 3, 1994, in an effort to make her repay benefits. The judge also found that this *1059 company applied no clear worker’s compensation policies and procedures at the time of the injury, and that the employer has been arbitrary and capricious for deducting money from her wages for workers’ compensation benefits paid herein. The court accordingly assessed a penalty and attorney’s fees in the amount of two thousand dollars ($2,000.00) each.
We find no manifest error in the judge’s determination that the employer was arbitrary and capricious for deducting money from the ^plaintiffs wages, nor do we find any error in the assessment of penalties and attorney^ fees. The employer was unable to adequately explain the reasons that the deductions were made from the plaintiffs paychecks. In addition, the employee apparently had no notice that the deductions were going to be made, and in fact because of these deductions, she had to ask the company for an advance to pay her bills.
Based on the foregoing discussion, we affirm the March 4, 1997 judgment rendered by the workers’ compensation judge.

AFFIRMED.

. To determine the actual amount of the deduc- . tions, the workers' compensation judge ordered that an evidentiary hearing be conducted.