JgCLAIBORNE, J.
This appeal is by an employee, Allen J. Poche, Jr., from a decision of the workers’ compensation judge (WCJ), awarding him workers’ compensation benefits, medical expenses, penalties, and attorney’s fees associated with a disputed claim for a work-related accident with injury.[2] The WCJ found that the claimant had suffered a work-related accident with injury that aggravated a pre-existing condition, and or *92 dered that the employer, Boh Brothers Construction Company, Inc. (Boh Brothers), pay benefits and medical expenses until August of 1998, along with penalties and attorney’s fees. The claimant has appealed that portion of the judgment terminating future benefits and medical expenses from August of 1998. Claimant has also appealed the award of attorney’s fees, seeking an increase in the amount awarded. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Claimant began working for Boh Brothers on September 9, 1967, just after graduating from high school. He continued to work for Boh Brothers for over thirty years, until some difficulties with his right foot prevented him from returning to work. At some point during his employment with Boh Brothers, Mr. Poche was diagnosed with adult onset diabetes. This condition was disclosed to Boh Brothers.
On August 1,1997, Mr. Poche was working at the North Treatment Plant in East Baton Rouge Parish. He was a working foreman for Boh Brothers, which required that he not only supervise other employees, but also work along with them to complete the necessary tasks. In order to carry out his duties at the site, Mr. Poche was repeatedly required to walk up and down sloping, uneven surfaces. As |3a result, Mr. Poche developed a blister on the underside of his right foot between his fourth and fifth toes.
Mr. Poche reported the blister to his safety manager and his immediate supervisor, and completed an accident report. He sought treatment for this blister with Dr. John Cazale, IV, an orthopedic surgeon. Dr. Cazale treated Mr. Poche for this blister through October 20, 1997, at which time he released Mr. Poche to return to regular duty. Boh Brothers continued to pay Mr. Poche his salary in lieu of workers’ compensation benefits at that time. Dr. Cazale testified that at the time he released Mr. Poche, he considered the blister to be completely healed.
When Mr. Poche returned to work, Boh Brothers assigned him to work in the shop, and had him running errands around town rather than having him work out in the field. This assignment required him to do some driving, but only on short hauls. He did not have to climb ladders or scaffolding, nor did he have to walk on any inclines.
On December 1, 1997, Mr. Poche went back to Dr. Cazale complaining of another blister on the same spot on his right foot. Mr. Poche did not fill out a new accident report at work, nor did he provide Dr. Cazale with any work-related explanation for the formation of this blister. Mr. Poche did, however, explain to Dr. Cazale that he had noticed some drainage from the blister for three days prior to his seeking treatment.
As he was concerned about the possibility of infection, Dr. Cazale ordered an MRI of Mr. Poche’s foot. Boh Brothers refused to authorize the payment for the MRI, claiming that the second blister was not related to his employment. Eventually, an abscess was discovered on Mr. Poche’s right foot, and he sought treatment with Dr. Irwin J. Trestman, an internist with a specialty in infectious diseases. Dr. Trest-man discovered osteomyelitis, an infection in the bone of Mr. Poche’s foot, and admitted him to the hospital where he was given intravenous ^antibiotics. Surgery was subsequently performed, resulting in the removal of certain bones from the fourth toe in Mr. Poche’s right foot.
After the surgery, Dr. Cazale placed certain restrictions on the type of work *93 Mr. Poche could perform. Specifically, Dr. Cazale recommended that Mr. Poche only perform sedentary to light work in a controlled environment. This, along with other restrictions, made it impossible for Mr. Poche to return to Boh Brothers in the same capacity. Eventually, Boh Brothers terminated Mr. Poche’s employment.
The WCJ determined that the blister that Mr. Poche developed in August of 1997 was work-related. The court further determined from the testimony of Dr. Ca-zale that the infection discovered in Mr. Poche’s foot in December 1997 developed as a result of the August 1997 blister and was also work-related. Finally, the WCJ determined that Mr. Poche was rendered temporarily totally disabled as a result of the blister and osteomyelitis from August of 1997 until August of 1998.
Boh Brothers was ordered to pay benefits for the period of this disability, as well as medical expenses, but was given a credit for the wages it had paid to Mr. Poche in lieu of the benefits. The WCJ also determined that Boh Brothers had been arbitrary and capricious in its denial of benefits and medical expenses, and ordered Boh Brothers to pay penalties and attorney’s fees for this denial. Mr. Poche was dissatisfied with the judgment and has appealed.
ASSIGNMENTS OF ERROR
Appellant relies on three assignments of error in seeking to overturn the decision of the WCJ. Specifically, appellant argues that the WCJ erred in finding that his disability, which was the result of a work-related accident, ended in August of 1998, and that the court erred in failing to award weekly benefits or supplemental earnings benefits after August of 1998. Appellant further asserts that the attorney’s fees awarded by the WCJ were too low.
[^STANDARD OF REVIEW
An appellate court may not set aside a trial court’s findings of fact absent manifest error, or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). This standard applies to the factual findings of district courts, as well as to the factual findings of a workers’ compensation court, and is required even when the trier of fact has rendered its opinion solely upon review of written medical reports and depositions. Alexander v. Pellerin Marble & Granite, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710. For an appellate court to reverse a workers’ compensation judge’s factual finding, it must find from the record that a reasonable factual basis does not exist for the finding, or that the record establishes that the finding is clearly wrong. Brown v. Coastal Construction & Engineering, Inc., 96-2705, p. 4 (La.App. 1st Cir.11/7/97), 704 So.2d 8, 10. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility should not be disturbed upon review where conflict exists in the testimony. Freeman v. Poulan/Weed Eater, 93-1530, p. 5 (La.1/14/94), 630 So.2d 733, 738. The issue is not whether the trier of fact was right or wrong, but whether the conclusion was a reasonable one. Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
DISCUSSION
An employer is required to pay workers’ compensation benefits when the claimant suffers work-related injuries or aggravates a pre-existing condition that produces disability. La. R.S. 23:1021, et seq. An employee’s disability is compensa-ble if it stems from a pre-existing condition that has been activated or precipitated by *94 his work. However, entitlement to the compensation exists only for the duration of the aggravation. Moss v. Winward Hospital, 98-401, p. 12 (La.6App. 3d Cir.10/7/98), 720 So.2d 107, 113, writ denied, 98-2812 (La.1/8/99), 735 So.2d 635. In Moss, supra, the Third Circuit stated:
[I]t has been repeatedly held that so long as the employee is disabled from the aggravation of a pre-existing defect, he is entitled to compensation. However, where the aggravation ceases and the employee’s continued disability, if any, results solely from the pre-existing defect, compensation is no longer due. [Citations omitted.]
Mr. Poche was diagnosed with adult onset diabetes, a condition that was not work-related. As a result of this diabetes, Mr. Poche suffers from a condition known as neuropathy, which results in a loss of sensation in the extremities. Mr. Poche specifically suffers from a loss of sensation in his feet, which led to the development of a blister on his foot in August of 1997.
There has been no dispute as to whether or not the August blister was work-related. Mr. Poche reported the blister to the appropriate individuals at work, and stated that the blister developed as a result of repetitive walking on uneven surfaces, which he was required to do for his job. Mr. Poche’s treating physician, Dr. Cazale, confirmed that the blister could have developed in that fashion.
The WCJ determined that as a result of this blister, Mr. Poche developed osteo-myelitis in his right foot. This infection required surgery, which resulted in the removal of certain bones from his foot. There is also no cognizable dispute on appeal as to the validity of this determination by the WCJ, as Boh Brothers has not appealed the decision.
The issue before this court concerns when Mr. Poche was no longer considered disabled such that he was no longer entitled to workers’ compensation benefits. The WCJ determined that Mr. Poche’s work-related disability ended in August of 1998 when he was released by Dr. Cazale to return to work with some restrictions. Based upon the record before us, and considering the discretion given to the WCJ, we find no manifest error in this determination.
|7After the sux-gery to remove certain bones from his foot, Mr. Poche was released by Dr. Cazale to return to woi'k with cei-tain resti-ictions in August of 1998. Dr. Cazale testified in his trial deposition that an MRI done in August of 1998 showed no signs of infection. Dr. Cazale did state that Mr. Poche could no longer work in his pi-evious capacity as a working foreman, and further suggested that Mr. Poche should only perform sedentary to light work in a controlled environment. He also placed additional limitations on Mr. Poche, including a restriction on operating foot controls in his work, climbing ladders or scaffolding, or lifting items above certain weight limits.
In his deposition, Dr. Cazale testified that Mr. Poche suffered from a diabetic neuropathy resulting in a decreased sensation in his foot, and that the neuropathy was the reason that certain restrictions wei*e placed on Mr. Poche’s ability to work. According to Dr. Cazale, the neuropathy was a reflection of the severity of Mr. Poche’s diabetic condition, and was not work-related. Furthermore, Dr. Cazale testified that work does not aggravate the neuropathy.
Dr. Cazale did assign a certain percentage of disability to Mr. Poche based on the removal of the bones from his foot. However, when questioned about the necessity of the restrictions on Mr. Poche’s ability to work, Dr. Cazale repeatedly inferred to *95 the neuropathy as the reason for the restrictions, and not to the bone removal. Clearly, the WCJ had a reasonable basis upon which to determine that Mr. Poche’s disability as a result of the work-related accident had ceased as of August of 1998 when Mr. Poche was released by his physician to return to work, and that any future disability was the result of the pre-existing diabetic neuropathy.
PENALTIES AND ATTORNEY’S FEES
La. R.S. 23:1201 authorizes the imposition of penalties and attorney’s fees on an employer for arbitrary and capricious denial of compensation benefits. The WCJ in this matter determined that Boh Brothers had acted arbitrarily and | scapriciously in its handling of Mr. Poche’s claim and ordered Boh Brothers to pay $2,000 in penalties, as well as $2,000 in attorney’s fees. Mr. Poche has appealed this decision claiming that the attorney’s fees awarded by the WCJ were too low.
The workers’ compensation judge has great discretion in the award of attorney’s fees and penalties, and his or her discretion will not be disturbed unless it is clearly wrong. Bruno v. BellSouth/The Berry Co., 97-448, p. 6 (La.App. 5th Cir.10/28/97), 701 So.2d 1056, 1058; Alleman v. Fruit of the Loom-Crowley, 96-1246, p. 9 (La.App. 3d Cir.3/5/97), 692 So.2d 485, 490. In the matter before this court, the WCJ stated that this was a difficult case in which to award penalties and attorney’s fees because of the conflicting opinions of Mr. Poche’s treating physicians. We see no abuse of the discretion afforded the WCJ in such matters and hereby affirm the award of attorney’s fees in the amount of $2,000.
CONCLUSION
For the foregoing reasons, we affirm the decision of the workers’ compensation judge. All costs of this appeal are assessed to the appellant, Allen J. Poche, Jr.
AFFIRMED.

. La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers’ compensation district from which the appeal was taken and the name of the workers’ compensation judge who rendered the judgment or award. The WCJ was Hon. Anthony P. Palermo of the Office of Workers' Compensation, District 5.