ROBERT M. MURPHY, Judge.
12Claimant-appeIlant, Sherri Hotard, appeals the September 25, 2012 judgment of the Office of Workers’ Compensation, District 7, rendered in favor of defendants-appellees, Murphy, Rogers, Sloss & Gam-bel (employer) and CNA Insurance Companies (employer’s insurer) on defendants-appellees’ motion for reimbursement of temporary total disability benefits and medicals expenses, which determined specific amounts to be reimbursed by claimant to CNA Insurance Companies for temporary total disability (“TTD”) benefits and medical expenses previously paid to claimant. Defendants-appellees have answered the appeal, requesting that the September 25, 2012 judgment be amended to include additional amounts of TTD benefits, an award of attorney’s fees and legal interest. For the reasons that follow, we amend and affirm the judgment of the workers’ compensation court.
I «FACTS AND PROCEDURAL HISTORY
On October 31, 2007, claimant, Mrs. Ho-tard, filed a Disputed Claim for Compensation (1008 compensation form) against her employer, Murphy, Rogers, Sloss & Gam-bel, and its insurer, CNA Insurance Companies, due to a workplace injury that occurred on October 27, 2006. Claimant alleged that she sustained injuries when she tripped over a phone cord, fell to the floor and slid into a corner of the office, striking her left hand, shoulder and elbow on the wall. On September 9, 2009, defendants filed a reconventional demand, seeking reimbursement for all temporary total disability (“TTD”) benefits paid to her before September 29, 2008 (because she had not been declared “disabled” by any physician until this date) and after February 23, 2009 (because she was released to return to work on this date). On February 4, 2010, defendants filed a motion to terminate claimant’s TTD benefits, or alternatively, to reclassify her benefits as supplemental earnings benefits.
The ease proceeded to trial on July 12, 2010. The OWC judge, Judge John Grout, took the matter under advisement. Almost one year later, on June 6, 2011, the OWC judge issued a judgment dismissing claimant’s claims, with prejudice and at her costs, based upon her misrepresentations about her medical history and preexisting injuries, and the medical evidence establishing that her injuries were not caused by or related to the alleged work-related accident. The June 6, 2011 judgment also ordered claimant to reimburse defendants for all TTD benefits paid to her before October 9, 2008 and after February *790 23, 2009, and to reimburse defendants for all medical expenses incurred for the treatment of the aggravation of her pre-existing injuries after the end of April of 2007. The June 6, 2011 judgment did not provide specific dollar amounts for the reimbursement awards.
|4On June 15, 2011, defendants filed a “Motion for Reimbursement of Temporary Total Benefits,” a “Motion for Reimbursement of Medical Expenses” and a “Motion for Attorney’s Fees and Costs,” as reflected by the parties’ requests for reduction and/or termination of benefits and reimbursement post-trial. Defendants’ motions for reimbursement were set for hearing on July 14, 2011. However, on June 30, 2011, claimant filed a motion for suspensive appeal from the June 6, 2011 judgment. Claimant filed oppositions to defendants’ motions for reimbursement on July 6, 2011, wherein she asserted that once the OWC judge signed the order granting her motion for suspen-sive appeal, the workers’ compensation court was divested of jurisdiction to hear defendants’ motions for reimbursement and for attorney’s fees and costs until such time as the appeal is resolved. Accordingly, the hearing on defendants’ motions were stayed, pending resolution of claimant’s appeal.
On May 31, 2012, this Court affirmed the workers’ compensation court’s June 6, 2011 judgment. Hotard v. Murphy, Rogers, Sloss & Gambel, 11-1143 (La.App. 5 Cir. 5/31/12); 97 So.3d 407. After resolution of claimant’s appeal, defendants re-urged their motions for reimbursement, for attorney’s fees, and for costs on August 1, 2012. Because Judge Grout had since left the bench, OWC Judge Elizabeth Warren conducted the hearing on these motions on September 19, 2012.
On September 25, 2012, Judge Warren signed a judgment awarding defendants the following amounts in reimbursement: (1) $34,738 in TTD benefits and (2) $41,643.01 in medical expenses. Judge Warren declined to order claimant to reimburse defendants for the amount of TTD benefits paid during the year between the July 12, 2010 trial date and the June 6, 2011 judgment, reasoning that to do so would penalize claimant for the court’s failure to render judgment for | r,nearly one year. The September 25, 2012 judgment awarded defendants $10,575.89 in costs, but denied defendants’ request for attorney’s fees and interest.
Claimant now appeals the workers’ compensation court’s September 25, 2012 judgment, but only as it relates to the court’s assignment of specific dollar amounts for reimbursement of TTD benefits and medical expenses. Defendants have answered claimant’s appeal, raising three assignments of error and a request for attorney’s fees and costs incurred in connection with the instant appeal.
ASSIGNMENTS OF ERROR
Claimant has raised the following assignments of error on appeal:
1. Trial court erred as a matter of law in ruling on defendant’s post-trial motions for determination of reimbursement costs because it did not have authority to substantively change the original June 6, 2011 judgment.
2. Trial court erred as a matter of law by rendering a separate judgment on September 25, 2012, and not amending the June 6, 2011 judgment.
3. Trial court erred during the hearing by allowing what amounted to testimony of counsel to analyze documentary evidence provided by defendants to prove reimbursement costs.
*791 Defendants have raised the following assignments of error in their answer to claimant’s appeal:
1. The September 25, 2012 judgment should be amended to award legal interest.
2. The September 25, 2012 judgment should be amended to award $22,944.00 in TTD benefits, which represents the amount of TTD benefits paid from the July 12, 2010 trial date to the June 6, 2011 judgment, which was ordered by the June 6, 2011 judgment.
3. The September 25, 2012 judgment should be amended to award $52,970.61 in legal fees, expenses and costs incurred through the July 12, 2010 date of trial, which was ordered by the June 6, 2011 judgment.
|fiLAW AND DISCUSSION

Claimant’s Assignments of Error

Claimant’s primary argument on appeal is that the OWC judge did not have authority to issue the September 25, 2012 judgment on defendants’ post-trial motions for reimbursement of TTD benefits and medical expenses, because to do so amounted to a substantive amendment to a judgment by a trial court in violation of La. C.C.P. art. 1951. Specifically, claimant contends that inputting specific figures into a judgment adds something to the judgment, and therefore, the judgment at issue is considered a substantive amendment to the original June 6, 2011 judgment. Under La. C.C.P. art. 1951, the trial court has authority to amend a final judgment at any time “[t]o alter the phraseology of the judgment, but not the substance.” La. C.C.P. art. 1951. Because substantive changes to a judgment can only be accomplished by (1) a timely motion for new trial; (2) a timely appeal; or (3) a petition or action for nullity, claimant argues that the September 25, 2012 judgment cannot stand because defendants failed to take any of these three avenues with respect to the trial court’s original judgment of June 6, 2011.
In the alternative, claimant contends that because no dollar amounts were given in the June 6, 2011 original judgment, that judgment is not final and in need of clarification. As such, claimant seeks an order from this Court ordering that the September 25, 2012 judgment be amended.
Defendants contend that the September 25, 2012 judgment did not substantively amend the June 6, 2011 judgment because defendants submitted their motions for reimbursement for the OWC judge’s post-trial determination. After reviewing the record, we find that defendants’ motions for reimbursement were properly submitted for the workers’ compensation court’s consideration in light of |7the divestiture of the workers’ compensation court’s jurisdiction, as set forth in claimant’s oppositions to defendants’ motions for reimbursement.
As an initial matter, we note that under La. C.C.P. art. 2166(A), “[t]he judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed.” La. C.C.P. art. 2166(A). In this case, the June 6, 2011 judgment ordered claimant to reimburse defendants all TTD benefits paid “before October 9, 2008 and after February 23, 2009” and all medical expenses for aggravation of her pre-existing injuries “after the end of April, 2007, or six months after the alleged work-related accident of October, 2006.” Claimant filed an appeal from the June 6, 2011 judgment, which we affirmed on May 31, 2012. Hotard, supra. Claimant did not file an application for *792 rehearing or an application to the Louisiana Supreme Court for a writ of certiorari, with respect to our judgment affirming the June 6, 2011 judgment. Therefore, our May 31, 2012 judgment affirming the workers’ compensation court’s June 6, 2011 judgment is final and definitive, and not subject to modification or amendment as requested in claimant’s second assignment of error. Accordingly, we find claimant’s second assignment of error to be without merit.
With respect to claimant’s first assignment of error, we find that the September 25, 2012 judgment does not constitute a substantive amendment to the June 6, 2011 judgment. In its June 6, 2011 judgment, the workers’ compensation court ruled in defendants’ favor on the merits of their claims for reimbursement of TTD benefits and medical expenses in their reconventional demand. The court based its ruling on the finding that claimant’s injuries were not caused by, or a result of, the alleged work-related incident. After the workers’ compensation court determined that defendants were entitled to reimbursement for TTD benefits and | ¿medical expenses in the June 6, 2011 judgment, defendants filed post-trial motions on June 17, 2011 regarding the calculation of TTD benefits and medical expenses to be reimbursed by claimant. However, claimant subsequently filed a motion for suspensive appeal on June 30, 2011, thereby divesting the workers’ compensation court of jurisdiction to rule on defendants’ motions for reimbursement. On appeal, we affirmed the June 6, 2011 judgment on May 31, 2012. As noted above, because claimant did not file an application for rehearing, or an application to the Louisiana Supreme Court for a writ of certiorari with respect to our May 31, 2012 judgment, that judgment is final and definitive.
After final resolution of claimant’s original appeal, defendants re-urged their motions for reimbursement with the workers’ compensation court on August 1, 2012. On September 19, 2012, Judge Warren held a hearing on defendants’ motions for reimbursement, wherein new proof regarding the reimbursement amounts was submitted, and a separate judgment on the motions was rendered by the court as to the calculation of those amounts on September 25, 2012. During the hearing Judge Warren clearly explained that she was not amending the June 6, 2011 judgment:
COUNSEL FOR CLAIMANT:
So, Judge, as I understand it, as to the TTD benefits and the medical expenses, you’re going to be amending the judgment from the trial, Judge Grout’s judgment?
JUDGE WARREN:
I’m just going to be rendering a judgment on [counsel for defendantsj’s Motion and Order for reimbursement of TTD, medical expenses, and costs pursuant to the judgment.
Because claimant subsequently filed a motion for suspensive appeal on June 30, 2011, the workers’ compensation court was divested of jurisdiction to rule on defendants’ motions for reimbursement at that time. In fact, in her July 6, 2011 19opposition to defendants’ motions for reimbursement, claimant cited the workers’ compensation court’s divestiture of jurisdiction and asserted that the court must stay defendants’ motions until the resolution of her appeal. Claimant’s opposition also raised several arguments as to the merits of defendants’ motions for reimbursement. Following our affirmation of the June 6, 2011 judgment rendered in favor of defendants, claimant now argues that the workers’ compensation court’s ruling on the defendants’ motions must be *793 stricken as a substantive amendment in violation of La. C.C.P. art 1951.
We find that the September 25, 2012 judgment did not amend the June 6, 2011 judgment, either substantively or otherwise. Rather, the workers’ compensation court rendered a separate judgment on defendants’ motions for reimbursement calculations. We find claimant’s request for this Court to strike the September 25, 2012 judgment setting forth the amounts to be reimbursed by claimant to be inconsistent with the claimant’s appeal requiring a post-trial determination of reimbursement amounts. Therefore, we find claimant’s first assignment of error to be without merit.
Because we have found that the workers’ compensation court properly conducted a post-trial hearing on defendants’ motions for reimbursement calculations, we find no error in its consideration of documentary evidence in support of defendants’ reimbursement claims. Accordingly, we find claimant’s third assignment of error to be without merit.

Defendants’ Assignments of Error

In their first assignment of error, defendants contend that the OWC judge erred by failing to award legal interest from the date of judicial demand in the September 25, 2012 judgment. However, defendants are not entitled to recover legal interest under Louisiana Workers’ Compensation law with respect to their | inclaims. We find no manifest error in the judge’s failure to award defendants legal interest in the September 25, 2012 judgment.
In their second assignment of error, defendants contend that the workers’ compensation court erred by not ordering claimant to reimburse defendant CNA Insurance Companies for the TTD benefits paid to claimant from the July 12, 2010 date of trial until the June 6, 2011 judgment, which equals $22,944.00. In a worker’s compensation case, as in other cases, the appellate court’s review is governed by the manifest error or clearly wrong standard. Pierce v. Louisiana Maint. Serv., Inc., 95-747 (La.App. 5 Cir. 1/30/96); 668 So.2d 1232, 1237-38, writ denied, 96-0535 (La.4/19/96); 671 So.2d 928 (citing Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94); 633 So.2d 129). Therefore, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Id.
During the hearing on defendants’ motions for reimbursement calculations, the OWC judge declined to order claimant to reimburse CNA Insurance Companies for the amount of TTD benefits paid during the year between the trial date and the date of judgment. She reasoned that to do so would penalize claimant for the court’s failure to render judgment for nearly one year. We disagree. We find that in denying CNA Insurance Companies reimbursement for the TTD benefits paid to claimant from the date of trial to the date of the June 6, 2011 judgment, the OWC judge unfairly penalized defendants. The June 6, 2011 judgment clearly ordered claimant to reimburse defendants for all TTD benefits “paid before October 9, 2008 and after February 23, 2009.” (emphasis added). Because claimant was cast in judgment and ordered to reimburse defendants all TTD benefits paid to her after February 23, 2009 in the June 6, 2011 judgment, we find that the OWC judge committed manifest error by failing to include ^^reimbursement of all TTD benefits paid to claimant, as provided in the September 25, 2012 judgment. Accordingly, we amend the September 25, 2012 judgment and order claimant to reimburse defendant, CNA Insurance Companies, all TTD benefits paid to claimant from July 12, *794 2010 until June 6, 2011 in the amount of $22,944.00.
 In defendants’ third assignment of error, they claim the court erred by not including attorney’s fees in the judgment. “A workers’ compensation hearing officer has great discretion in an award of attorney’s fees and penalties, and his or her discretion will not be disturbed unless it is clearly wrong.” Bruno v. BellSouth/The Berry Co., 97-448 (La.App. 5 Cir. 10/28/97); 701 So.2d 1056, 1058. During the September 19, 2012 hearing on defendants’ motions, Judge Warren denied defendants’ motion for attorney’s fees based upon Judge Grout’s not granting the defendants’ request in the June 6, 2011 judgment.
“When a judgment is silent regarding a request for attorney’s fees, it must be construed as a denial of that request.” Landry v. City of Scott, 10-47 (La.App. 3 Cir. 6/2/10); 40 So.3d 428, 433. Although Judge Grout’s reasons for judgment provide that an award of attorney’s fees “would be deserved,” the June 6, 2011 judgment is silent as to defendants’ request for attorney’s fees. Accordingly, we find that the OWC judge did not commit manifest error in denying defendants’ motion for attorney’s fees in the September 25, 2012 judgment.
We now turn to defendants’ request for attorney’s fees and costs incurred in connection with the instant appeal. An appellate court may award damages for frivolous appeal under La. C.C.P art. 2164 “when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant’s counsel does not seriously believe in the position he advocates.” Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03); 845 So.2d 1162, 1170. “An appeal is not automatically deemed frivolous simply because it lacks merit.” Id.
After considering the arguments of counsel, defendants’ request for attorney fees is denied.
CONCLUSION
Accordingly, for the reasons stated herein, we amend the September 25, 2012 judgment granted in favor of defendants, Murphy, Rogers, Sloss & Gambel and CNA Insurance Companies, and against claimant, Sherri Hotard, to order claimant to reimburse defendant CNA Insurance Companies an additional $22,944.00, which represents the temporary total disability benefits paid to claimant from the July 12, 2010 trial date until the June 6, 2011 judgment. We affirm the September 25, 2012 judgment of the workers’ compensation court in all other respects. Defendants’ request for attorney’s fees incurred in connection with this appeal is denied, as is defendants’ request for interest.

AFFIRMED AS AMENDED